[Civ. No. 50408. First Dist., Div. Two. Apr. 26, 1982.]

In re STEVEN R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
STEVEN R., Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and George L. Schraer, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Gloria F. DeHart and Mary A. Roth, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SMITH, J.—This is an appeal from a dispositional order of the juvenile court after it was determined that appellant came within Welfare and Institutions Code section 602 by reason of his having committed drunk driving (Veh. Code, § 23102, subd. (a)).

The principal issue in this case is whether the Humboldt County District Attorney's policy of refusing to plea bargain drunk driving charges

down to reckless driving (Veh. Code, § 23103) in cases involving minors constitutes purposeful and invidious discrimination in violation of such minors' right to equal protection under the federal and state Constitutions.

At approximately 3 a.m. on August 25, 1979, appellant was driving his motorcycle in the vicinity of 14th and Main Streets in Fortuna when a police officer observed him make a turn which was too wide and weave as he drove. The officer stopped appellant, conducted a series of field sobriety tests which showed that appellant was under the influence of alcohol and subsequently arrested him. It is undisputed that a properly administered "Intoxilizer" test indicated that appellant's blood alcohol level on the morning in question was .13 percent.

On September 14, 1979, the District Attorney of Humboldt County filed a petition in juvenile court alleging that appellant came within the provisions of Welfare and Institutions Code section 602 in that he was under 18 years of age and had committed drunk driving (Veh. Code, § 23102, subd. (a)). The public defender was subsequently appointed to represent appellant, and, on October 17, 1979, appellant entered a denial to the charge contained in the petition.

On November 13, 1979, appellant filed a motion to dismiss the petition on constitutional grounds, alleging that in Humboldt County adults who face their first drunk driving charge and who have a blood alcohol level of under .15 percent are usually offered an opportunity to plead guilty to reckless driving (Veh. Code, § 23103) whereas minors in a similar situation who are prosecuted in juvenile court are denied the same opportunity. Appellant alleged that the practice discriminated between juveniles and adults and violated his right to equal protection of the law as guaranteed by the United States and California Constitutions. On April 1, 1980, the court denied the motion on the ground that no policy of discriminatory treatment of minors existed.

On May 16, 1980, appellant renewed his motion to dismiss. On May 21, 1980, a jurisdictional hearing was held, and the case was submitted. The parties stipulated that it was in fact the district attorney's policy to refuse to plea bargain in cases involving drunk driving charges prosecuted in juvenile court, and the motion to dismiss was also submitted. On May 29, 1980, the court denied the motion to dismiss and found the charge alleged in the petition to be true.

On July 7, 1980, the court ordered appellant: (1) to pay a fine of $50 and a penalty assessment of $15; (2) to pay $300 for attorneys' services; and (3) to perform 50 hours of community work. The court also suspended appellant's driving privilege for six months except during the hours of 6 a.m. to 8 p.m. On July 22, 1980, appellant filed a motion to modify the disposition to eliminate the fine on the ground that he had been temporarily laid off from work. On July 25, 1980, the court deferred payment of the fine and attorneys' fees until appellant became employed.

This timely appeal followed.

■  Appellant's principal contention is that the district attorney's refusal to consider plea bargaining in drunk driving cases prosecuted in juvenile court deprives him of equal protection of the law under the federal and state Constitutions.

In order to sustain his equal protection claim, appellant must first show that the state has adopted a classification which treats persons similarly situated in an unequal manner. (*In re Eric J.* (1979) 25 Cal. 3d 522, 530 [159 Cal.Rptr. 317, 601 P.2d 549]; see also *In re Ricky H.* (1981) 30 Cal.3d 176, 190 [178 Cal.Rptr. 324, 636 P.2d 13].) In holding that Welfare and Institutions Code section 726 does not deny minors equal protection of the law, our high court in *In re Eric J.* concluded that minors adjudged wards of the juvenile courts and adults convicted in the criminal courts are not similarly situated with respect to their interest in liberty. (*In re Eric J., supra,* 25 Cal.3d at p. 530; see also *In re Ricky H., supra,* 30 Cal.3d at p. 190.) The court observed that there is a qualitative difference in the liberty interest of a minor, who is subject both to parental control and to reasonable regulation by the state to an extent not permissible with adults, and contrasted the rehabilitative goals of the Juvenile Court Law with the punitive purpose of the Uniform Determinate Sentencing Act. (*In re Eric J., supra,* 25 Cal.3d at pp. 530-533; see also *In re Ricky H., supra,* 30 Cal.3d at p. 190.)

These distinctions are fully applicable to the instant case. Therefore, we hold that because minors and adults are not similarly situated with respect to their interest in liberty, the practice complained of does not deny juveniles equal protection of the law.[1]

---

[1]Appellant also maintains that, because the juvenile court failed to inquire into his ability to pay attorneys' fees, its order that he pay $300 for the services of the public

The order of the juvenile court is affirmed.

Rouse, Acting P. J., and Miller, J., concurred.

A petition for a rehearing was denied May 12, 1982, and appellant's petition for a hearing by the Supreme Court was denied June 23, 1982. Newman, J., was of the opinion that the petition should be granted.

---

defender who represented him cannot stand. The record, however, shows that the lower court in fact made an inquiry into his ability to pay before issuing the order complained of. We also decline to reach the merits of appellant's contention that the juvenile court was unauthorized to impose a fine of $50 and a penalty assessment of $15. The record, which we have ordered augmented on our own motion, shows that the lower court has entered an order deleting the fines in question.