[Crim. No. 33510. Second Dist., Div. Five. May 1, 1979.]

In re JOHN R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JOHN R., Defendant and Appellant.

## COUNSEL

Herbert F. Blanck, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Juliet H. Swoboda and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ASHBY, J.**—In a proceeding under Welfare and Institutions Code section 602, the juvenile court found that appellant committed assault in violation of Penal Code section 240. Appellant was declared a ward and placed home on probation.

The victim, Roman Harris, testified that on the afternoon of March 20, 1978, as he was leaving a liquor store at 65th and Western, four people including appellant came up to him and started hitting him. Appellant

was involved in the fight from the beginning, both in hitting Harris in the face with his fist and in holding Harris while the others hit him.

Appellant testified he acted in self-defense. Appellant testified that he was standing by the side of the building and that the fight, which involved five to six other youths, moved toward him. It was stipulated that the victim picked up a broken bottle to defend himself during the fight. Appellant admitted striking the victim with his fist on the shoulder but testified that he got involved because "[t]hey started swinging [the bottle] and was almost hitting me. So I just started fighting, you know, too." Appellant's testimony was consistent with that of Ralph Brown, the liquor store manager, who was inside the store and who testified for respondent. He stated that appellant was originally standing about eight yards away from where the fight started, that the other boys "fought [the victim] sort of around the corner" toward appellant and then appellant got involved in the fight.

The trial court obviously believed that the victim, Mr. Harris, was in a better position to observe the events and that his testimony was more credible than that of appellant or Mr. Brown. Under the usual rules of appellate review, the testimony of Mr. Harris is substantial evidence which supports the judgment, and appellant's argument that he acted in self-defense cannot be sustained. (*In re Roderick P.,* 7 Cal.3d 801, 808-809 [103 Cal.Rptr. 425, 500 P.2d 1].)

■    The court placed appellant home on probation. The court did not specify the length of probation, although it did place the matter on the nonappearance calendar to be reviewed in one year.[1] Appellant points out that theoretically probation could continue as long as the juvenile court has jurisdiction, that is, to age 21, in this case August 4, 1981. (Welf. & Inst. Code, §§ 607, 731.) The instant disposition was rendered on June 30, 1978, and thus jurisdiction could continue for slightly over three years.

Appellant says that an adult convicted of misdemeanor assault could be placed on probation for no longer than three years if the court expressly so provided (Pen. Code, § 1203a) and only for six months if the court failed to specify a period. (*People* v. *Blakeman,* 170 Cal.App.2d 596, 599 [339 P.2d 202].)

[1] Apparently it is customary in the case of a minor placed home on probation for an indefinite period that the probation officer makes a report to the court within one year and if good progress has been made the matter may be dismissed. (Thompson, Juvenile Court Desk Book (Cont.Ed. Bar 1978) § 9.13, p. 167.)

Relying upon *People* v. *Olivas,* 17 Cal.3d 236, 244 [131 Cal.Rptr. 55, 551 P.2d 375], appellant argues that as a matter of constitutional equal protection juvenile court probation should be treated exactly like adult probation and that therefore the maximum period of probation in this case is six months. This contention has no merit. *Olivas* dealt with *physical confinement* in the Youth Authority, which the court held involved a fundamental liberty interest which required strict scrutiny by the court of the statutory differences between adult and juvenile physical confinement. Being home on probation involves no such deprivation of liberty.

In any event, regardless of what test is used to analyze the statutory differences between adult probation and juvenile probation, we find it reasonable to provide a longer period of probation for juveniles than for adults. It may reasonably be concluded that an adult, whose lifestyle and attitudes may already be well formed, will either respond to or fail on probation within a short time, whereas a minor's attitudes may well be molded permanently for the better, provided a sufficient period is given for the beneficial influence of the probation officer. In light of the primary purpose of the juvenile court law to promote the welfare of the minor (Welf. & Inst. Code, § 202), and the lack of physical confinement, the greater potential for rehabilitation of minors justifies a longer period of probation in which to undertake such rehabilitation efforts.

The orders appealed from are affirmed.

Kaus, P. J., and Hastings, J., concurred.