[Crim. No. 34440. Second Dist., Div. One. Oct. 18, 1979.]

In re WAYNE J., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
WAYNE J., Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Michael S. Luros, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and Beverly K. Falk, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**LILLIE, Acting P. J.**—Minor appeals from order sustaining petition, declaring him a ward of the court (§ 602, Welf. & Inst. Code) and imposing home probation.

About 7 p.m. the minor and another juvenile were standing on a street corner; minor's companion looked in the direction of officers riding in an unmarked patrol car and turned toward the minor whereupon the minor threw a bag over a hedge and his companion ducked behind a car. The bag, retrieved by one of the officers, contained less than an ounce of marijuana. The minor neither testified nor offered a defense.

The petition alleged that the minor was 17 years of age and comes within the provisions of section 602, in that on October 5, 1978, he possessed not more than one ounce of marijuana, thereby violating section 11357, subdivision (b), Health and Safety Code, a misdemeanor. When the People rested their case on the adjudication hearing, the minor moved to dismiss for insufficiency of evidence, and argued the matter to the court which denied the motion. Immediately thereafter the minor submitted the cause without further evidence or argument whereupon the court said "The court will sustain the petition;" no objection to this finding was made and it was followed by a colloquy concerning disposition. ■ The minor now complains that because the court did not go through the form of articulating that the allegations of the petition are true, the subsequent dispositional hearing and order are void for lack of jurisdiction. Inasmuch as appellant disputes neither the legal sufficiency of the petition to bring him within the provisions of section 602 nor that a finding that the petition is true would be legally sufficient (*In re J. T.,* 40 Cal.App.3d 633, 640 [115 Cal.Rptr. 553]), and in the context and time frame of the proceedings had immediately preceding the court's statement, "The court will sustain the petition," we conclude that this was a sufficient jurisdictional finding to support the subsequent dispositional hearing particularly in light of the court's findings entered in the minute order of that day: "The petition filed 12-8-78 is true, and said petition is sustained. Minor is a person described by section 602 of the Welfare and Institutions Code. The offense is a misdemeanor."

The Juvenile Court Law does not require the making of specific findings, and a general finding that the allegations of the petition are true is sufficient to show the facts upon which the court exercised its jurisdiction to declare the minor a ward of the court. (*In re J. T.,* 40 Cal.App.3d 633, 640 [115 Cal.Rptr. 553].) The obvious purpose of such finding is to show the minor and his parents the facts upon which the court finds the minor to be a person described by section 602. Given the brief and simple evidence presented by the People and those facts argued on the motion immediately before the court sustained the petition, the minor and his parents could have reached no other conclusion than that the court found, in sustaining the petition, that the minor had violated a

criminal law (*In re Arthur N.,* 16 Cal.3d 226, 232 [127 Cal.Rptr. 641, 545 P.2d 1345]), i.e., unlawful possession of not more than one ounce of marijuana, a misdemeanor. Further, implied in the denial of the motion to dismiss for insufficiency of the evidence is the court's finding that all allegations of the petition had been established beyond a reasonable doubt; based on this the court sustained the petition. This must be so because no other evidence or argument was offered in the case.

After a dispositional hearing, the court declared the minor a ward of the court under section 602, Welfare and Institutions Code, and the offense to be a misdemeanor, and ordered him placed on home probation on terms and conditions wholly appropriate to a minor. ■ Equating his objection to this disposition with a refusal of probation, and relying on the general rule that a grant of probation is an act of clemency[1] which an adult offender has a right to refuse, appellant claims a denial of equal protection. Any right of a minor to refuse probation as contended for here because its terms are more onerous than the $100 fine, would be entirely inconsistent with the purpose, nature, reasons for and consequences of probation in juvenile proceedings.

One of the purposes of the Juvenile Court Law is to secure for each minor under the jurisdiction of the juvenile court such care and guidance, preferably in his own home, as will best serve his welfare and "preserve and strengthen the minor's family ties." (§ 202, Welf. & Inst. Code). Thus with this in mind, a comprehensive statutory scheme was devised to best provide for the placement and treatment of juveniles. ■ It is apparent from section 726 et seq., Welfare and Institutions Code that probation in a juvenile proceeding is not an act of leniency which a minor can refuse but the preferred disposition if warranted by the circumstances. "Unlike adult criminal proceedings in which probation may be granted as an act of leniency in appropriate cases, but where denial of probation and imposition of sentence to a term of imprisonment is ordinarily not an abuse of discretion, the Juvenile Court Law ' "contemplates a progressively restrictive and punitive series of disposition orders in cases such as that now before us—namely, home placement under supervision, foster home placement, placement in a local treatment facility and, as a last resort, Youth Authority placement." ' (*In re Aline D.* (1975) 14 Cal.3d 557, 564 [121 Cal.Rptr. 816, 536 P.2d 65].)" (*In re Arthur N.,* 16 Cal.3d 226, 237 [127 Cal.Rptr. 641, 545 P.2d 1345].)

---

[1]This is the traditional view discredited in favor of the modern view that probation "should be deemed an alternative form of punishment *in those cases when it can be used as a correctional tool. . . .*" (*People* v. *Edwards,* 18 Cal.3d 796, 801 [135 Cal.Rptr. 411, 557 P.2d 995], italics added.)

Section 11357, subdivision (b), Health and Safety Code provides that "every person who possesses not more than one avoirdupois ounce of marijuana . . . shall be punished by a fine of not more than one hundred dollars ($100)." Violation of the statute amounts to a misdemeanor. (*Tracy* v. *Municipal Court,* 22 Cal.3d 760, 764 [150 Cal.Rptr. 785, 587 P.2d 227].) ▇ Asserting that under this statute an adult offender could receive no more than a hundred dollar fine (he concedes that under § 1203, subd. (c), Pen. Code an adult violator would be placed on summary (nonreporting) probation), appellant challenges on equal protection grounds the constitutionality of the imposition on him of home placement under the supervision of the probation officer (§ 727, Welf. & Inst. Code) relying primarily on *People* v. *Olivas,* 17 Cal.3d 236, 251, 257 [131 Cal.Rptr. 55, 551 P.2d 375]. He also argues that the Legislature amended section 11357, subdivision (b) specifically to provide only a fine for punishment, that imposition on him of formal probation effected a punishment more restrictive and onerous than a fine and that "Probation was never intended to be a device for making punishment more severe than that prescribed by the Legislature." (*People* v. *Billingsley,* 59 Cal.App.2d Supp. 845, 849 [139 P.2d 362]); and that even if rehabilitation of youthful offenders is a compelling state interest, such sentencing scheme here employed is not necessary to further that interest as evidenced by the fact that section 11357, subdivision (b) was amended prior to adoption of the Uniform Determinate Sentencing Act when rehabilitation was still a major consideration in sentencing. Appellant's position ignores the nature and purposes of the Juvenile Court Law as expressed in section 202, Welfare and Institutions Code, the options available to the court under section 727 in dealing with the youthful offender made a ward under section 602, and the involvement of the probation officer in virtually every phase of the juvenile court process, in particular, his role in representing the interests of the minor and supplying the need for supervision and assistance of a trained counselor. The difference in treatment seems justified by the differing characteristics and needs of adult and juvenile offenders.

Involved in *People* v. *Olivas,* 17 Cal.3d 236 [131 Cal.Rptr. 55, 551 P.2d 375] was physical confinement in the Youth Authority which the court held dealt with a fundamental personal liberty interest which required strict scrutiny by the court of the statutory differences between adult and juvenile physical confinement. Placement in the home on probation involves no such deprivation of liberty. (*In re John R.,* 92 Cal.App.3d 566, 569 [155 Cal.Rptr. 78].) Thus, as in *In re Kathy P.,* 25 Cal.3d 91, 101, footnote 11 [157 Cal.Rptr. 874, 599 P.2d 65], the minor suffered no loss

of liberty regarding strict scrutiny of the legislative classification under principles stated in *People* v. *Olivas,* 17 Cal.3d 236 [131 Cal.Rptr. 55, 551 P.2d 375]. But whatever test is used to analyze the distinction between placement in the parents' home under the supervision of the probation officer under section 727, Welfare and Institutions Code of the juvenile who violates section 11357, subdivision (b), Health and Safety Code, and imposition of a fine and/or summary probation on the adult who violates the same statute, we find the distinction reasonable, and necessary to facilitate the purposes of the Juvenile Court Law and the rehabilitation of the minor. (*In re John R.,* 92 Cal.App.3d 566, 569 [155 Cal.Rptr. 78] [longer period of probation for juvenile than for adult not unconstitutional]; *In re Harm R.,* 88 Cal.App.3d 438, 442-445 [152 Cal.Rptr. 167] [placement of section 602 ward out of his home (§ 727) for period in excess of maximum term of imprisonment adult could serve for same offense, not violation of equal protection].)

The statutory scheme for the processing of applications to cause a petition for wardship under section 602 to be filed in the juvenile court provides for the commencement of such proceedings by the probation officer (*Marvin F.* v. *Superior Court,* 75 Cal.App.3d 281, 285 [142 Cal.Rptr. 78]), and contemplates his presence in all court hearings to represent the interests of the minor and furnish all such information and assistance the court may require. For every dispositional hearing the probation officer must prepare a social study of the minor containing such matters as may be relative to a proper disposition of the case and include a recommendation therefor. (§ 280, Welf. & Inst. Code.) On the hearing the court shall receive it in evidence and read and consider the same, and so state in its order of disposition. (§ 706, Welf. & Inst. Code.) ▮ Thus, while an adult may be given summary probation, there is no room in the Juvenile Court Law for such disposition; whatever probation is afforded a juvenile ward under section 602, it was intended by the Legislature to be under the supervision of the probation officer.

Inherent in a section 602 wardship is the continuing jurisdiction over the minor by the court which can place him in the home of his parents under probation supervision (§ 727, Welf. & Inst. Code, made applicable by § 730). This is exactly what the court did here—it declared the minor a ward under section 602 in that he committed a misdemeanor, ordered him placed in the home of his mother on probation and continued the matter to February 11, 1980. (See *In re John R.,* 92 Cal.App.3d 566, 568 [155 Cal.Rptr. 78].) The conditions of probation required the minor to do little more than that appropriate to any minor who resides at home (with the exception of obeying all orders of and reporting to the probation

officer). The benefit of probation to the minor under the circumstances is that he is able to remain at home and is given needed guidance and discipline which his parents should, but in many cases cannot or will not give him, and he and his parents are afforded the assistance of a professional counselor in the person of the probation officer. The great advantage of this kind of counseling in such a case as this is the lasting effect it may have on molding the minor's attitudes for the better. (*In re John R.,* 92 Cal.App.3d 566, 569 [155 Cal.Rptr. 78].) Surely the goals of juvenile justice are better served through the use of the trained probation officer familiar with the special problems of juveniles and able to guide them into more responsible attitudes. (See *People* v. *Kathy P.,* 25 Cal.3d 92, 101 [157 Cal.Rptr. 874, 599 P.2d 65].)

Thus, in consideration of the primary purpose of the Juvenile Court Law to promote the welfare of the minor, the involvement of the probation officer in virtually all phases of the juvenile court process, the lack of physical confinement here, the authority of the court to impose placement in the home under the supervision of the probation officer[2] and the obvious need of the juvenile in a narcotic offense, albeit a relatively minor one, for professional counseling of the probation officer, we find that the greater potential for the rehabilitation of the juvenile offender justifies the placement in the home under the supervision of the probation officer in which to undertake such rehabilitation efforts, as distinguished from the fine and/or summary probation available to an adult offender who violates the same statute; and conclude the distinction to be reasonable and valid. As stated in *In re Harm R.,* 88 Cal.App.3d 438 [152 Cal.Rptr. 167]: "Until such time as we are to impose on the entire juvenile court system all the procedures prescribed in the adult criminal code, some distinctions between the juvenile court and the adult criminal court must exist. We find the current situation to come within that category." (P. 445.)

The order is affirmed.

Hanson, J., and Ackerman, J.,* concurred.

---

[2]Under section 727, the court may "order the care, custody, control and conduct of such minor to be under the supervision of the probation officer or . . . commit such minor to the care, custody and control of: [certain persons or institutions]."

*Assigned by the Chairperson of the Judicial Council.