170 Cal.App.4th 95 (2009)
In re WALTER P., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
WALTER P., Defendant and Appellant.
No. C056550.
Court of Appeals of California, Third District.
January 15, 2009.
*98 Robert F. Kane for Defendant and Appellant.
Paulino G. Durán, Public Defender, and Arthur L. Bowie, Assistant Public Defender, as Amicus Curiae on behalf of Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Charles A. French and Angelo S. Edralin, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
DAVIS, J. 
The juvenile court found that Walter P., then 17 years old, violated Health and Safety Code section 11357, subdivision (b), which provides as pertinent: "(b) Except as authorized by law, every person who possesses not more than 28.5 grams of marijuana, other than concentrated cannabis, is guilty of a misdemeanor and shall be punished by a fine of not more than one hundred dollars ($100)."
The juvenile court placed Walter on probation for six months. Over Walter's objection, the court imposed a number of special conditions of probation, including requirements that Walter be detained on home supervision for 45 days and that he complete eight days in the Juvenile Work Project Program.
On appeal, Walter contends the home supervision and the work project probation conditions are invalid because the maximum penalty for the *99 underlying offense is a $100 fine. We conclude that these are valid conditions of juvenile probation and shall affirm.

DISCUSSION

I. Applicable Legal Principles and Standard of Review

In considering the validity of the two challenged probation conditions, it is first helpful to consider the purpose of the juvenile court system and how an appellate court reviews juvenile probation conditions.
(1) The purpose of the juvenile court is to protect both the minor under its jurisdiction and the public, and to preserve and strengthen the minor's family ties whenever possible. (Welf. & Inst. Code, § 202, subd. (a);[1]In re Wayne J. (1979) 97 Cal.App.3d 776, 780 [159 Cal.Rptr. 106] (Wayne J.).) Central to the juvenile court's mission are the care, treatment, guidance, and rehabilitation of the delinquent juvenile. (§ 202, subd. (b).)
(2) When the juvenile court finds that a minor has committed a statutorily identified offense such as the one here, the court may place the minor on probation for up to six months without adjudging the minor a ward of the court. (§ 725, subd. (a).)
Pursuant to section 725, subdivision (a), the juvenile court must impose upon the minor the conditions specified in section 729.2, unless the court finds on the record that any of those conditions would be inappropriate. Those conditions (a) require the minor to attend a school program approved by the probation officer without absence; (b) require the minor's parents or guardian to participate with the minor in a counseling or education program; and (c) require the minor to be at his or her legal residence between the hours of 10:00 p.m. and 6:00 a.m. unless accompanied by a parent or guardian. (§ 729.2.)
Section 725, subdivision (a) and section 729.2 do not, however, purport to limit the probation conditions the juvenile court may fashion to serve the court's purpose of rehabilitation and preservation of family ties. Sections 725 and 729.2 thus serve as a floor, not a ceiling, for juvenile probation conditions. (See In re Jason J. (1991) 233 Cal.App.3d 710, 719 [284 Cal.Rptr. 673] (Jason J.) [affirming probation condition requiring curfew from "dark" to 6:00 a.m.], disapproved on another ground in People v. Welch (1993) 5 Cal.4th 228, 237 [19 Cal.Rptr.2d 520, 851 P.2d 802]; In re Laylah K. (1991) 229 Cal.App.3d 1496, 1499, 1502 [281 Cal.Rptr. 6] (Laylah K.) [affirming *100 probation condition requiring 8:00 p.m. to 5:00 a.m. curfew]; In re Bacon (1966) 240 Cal.App.2d 34, 60 [49 Cal.Rptr. 322] (Bacon) [affirming probation condition requiring four weekends at the probation department's training academy, where the nonward minor worked during day and was free to return home at night], disapproved on another ground in In re Brown (1973) 9 Cal.3d 612, 624 [108 Cal.Rptr. 465, 510 P.2d 1017].)
An appellate court will not disturb the juvenile court's broad discretion over probation conditions absent an abuse of discretion. (In re Josh W. (1997) 55 Cal.App.4th 1, 5-6 [63 Cal.Rptr.2d 701] (Josh W.); Bacon, supra, 240 Cal.App.2d at p. 60.) We grant this broad discretion so that the juvenile court may serve its rehabilitative function and further the legislative policies of the juvenile court system. (Josh W., supra, 55 Cal.App.4th at p. 5; Jason J., supra, 233 Cal.App.3d at pp. 714-715; In re Francisco S. (2000) 85 Cal.App.4th 946, 953-954 [102 Cal.Rptr.2d 514].)
In fashioning the conditions of probation, the juvenile court should consider the minor's entire social history in addition to the circumstances of the crime. (In re Todd L. (1980) 113 Cal.App.3d 14, 20 [169 Cal.Rptr. 625].) Thus, "[a] condition of probation which is [legally] impermissible for an adult criminal defendant is not necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court." (Id. at p. 19.)
Of particular relevance here, offenses punishable only by fines may be the basis for other dispositions in juvenile proceedings. (In re Adrian R. (2000) 85 Cal.App.4th 448, 455 [102 Cal.Rptr.2d 173].) For example, the juvenile court may impose formal probation with appropriate conditions for an offense punishable only by a fine. (Wayne J., supra, 97 Cal.App.3d at pp. 781-783.)
The juvenile court's discretion to fashion probation conditions of a nonward is not, however, limitless. For example, where the juvenile court imposes nonwardship probation under 725, subdivision (a), it may not impose incarceration-like time (e.g., juvenile hall) as a probation condition. (In re Trevor W. (2001) 88 Cal.App.4th 833, 839 [106 Cal.Rptr.2d 169].)
With these principles in mind, we turn to the two probation conditions Walter challenges here.

II. Challenged Probation Conditions

A. Home supervision condition

Walter's home supervision condition requires that he not leave his home for 45 days except to attend school, court-ordered community service, work *101 project or other activities approved in advance by his probation officer, unless accompanied by a parent or guardian. Because the juvenile court does not have discretion to make physical confinement a condition of section 725, subdivision (a), nonwardship probation, Walter's home supervision requirement would be an abuse of the juvenile court's discretion if it amounted to such confinement. But it does not.
(3) Deprivation of a minor's liberty does not necessarily amount to confinement in the same way that it may for an adult. Unemancipated minors, naturally, are subject to adult care and control. In this vein, cities and municipalities may pass curfews, based solely on age, that discriminate against minors and limit their liberty. (In re Nancy C. (1972) 28 Cal.App.3d 747, 758 [105 Cal.Rptr. 113] [upholding constitutionality of curfew ordinance forbidding juveniles from loitering in streets during nighttime hours].) As another example, the state of California subjects minors between the ages of six and 18 to compulsory full-time education. (Ed. Code, § 48200.)
Section 726 narrowly defines the term "`[p]hysical confinement'" for the purpose of juvenile court wards as "placement in a juvenile hall, ranch, camp, forestry camp or secure juvenile home ..., or in any institution operated by the Youth Authority." (§ 726, subd. (c), 5th par.) This court recently held that home detention for juveniles is not physical confinement for the purposes of predispositional credit. (In re Lorenzo L. (2008) 163 Cal.App.4th 1076, 1079-1080 [78 Cal.Rptr.3d 150].)
Section 202 demonstrates, further, that a probation condition limiting a minor's liberty does not necessarily amount to confinement. Section 202, subdivision (b), states that delinquent minors under the jurisdiction of the juvenile court shall receive "guidance," which "may include punishment that is consistent with the rehabilitative objectives" of the juvenile court system. Section 202, subdivision (e), then lists five permissible punishments (termed "sanctions") in order of increasing severity:
"(1) Payment of a fine by the minor.
"(2) Rendering of compulsory service without compensation performed for the benefit of the community by the minor.
"(3) Limitations on the minor's liberty imposed as a condition of probation or parole.
"(4) Commitment of the minor to a local detention or treatment facility, such as a juvenile hall, camp, or ranch.
*102 "(5) Commitment of the minor to the Division of Juvenile Facilities, Department of Corrections and Rehabilitation. "`This progressively structured list suggests that a limitation on liberty, in the form of a 45-day home detention probation condition imposed under subdivision (e)(3) of section 202, is not confinement. Confinement would rather involve commitment of the minor to a facility outside the control of the minor's parents under subdivision (e)(4) or (5) of section 202.
(4) Walter's home supervision probation conditionwhile not confinementis a limitation of liberty imposed as a condition of probation, as authorized by section 202, subdivision (e)(3). At no point is Walter removed from his parents' physical custody. He may leave for school and approved activities. He also may leave his home anytime he is accompanied by a parent or guardian. While Walter's home supervision condition is more restrictive than the 10:00 p.m. to 6:00 a.m. curfew probation condition required by section 729.2, the juvenile court acted within its broad discretion to fashion additional conditions in line with the court's mission to rehabilitate the minor and strengthen family ties. (See Jason J., supra, 233 Cal.App.3d at p. 719; Laylah K., supra, 229 Cal.App.3d at pp. 1499, 1502-1503.)[2]
For these reasons, Walter's home supervision probation condition does not amount to physical confinement and is an acceptable juvenile probation condition under the applicable statutory authority.[3]

B. Juvenile Work Project condition

(5) Walter's Juvenile Work Project probation condition requires that he participate in the work program for eight days from 7:30 a.m. to 3:30 p.m. There is decisional authority holding that such attendance at a daytime work program is "not a deprivation of [a parent's] physical custody" and is a valid juvenile probation condition. (Bacon, supra, 240 Cal.App.2d at p. 61.)
Furthermore, section 202, subdivision (e)(2), expressly recognizes "compulsory [community] service without compensation" as a permissible sanction *103 consistent with the rehabilitative objectives of the juvenile court system. In the section 202, subdivision (e), listing of progressively more severe sanctions, subdivision (e)(3)'s limitations on liberty that may be imposed as a condition of probation are deemed more severe than subdivision (e)(2)'s compulsory community service. Since the 45-day home supervision probation condition is permissible under this statutory scheme (§ 202, subd. (e)(3)), so too is the eight-day juvenile (community) work project condition (§ 202, subd. (e)(2)).
Both precedent and statutory authority, then, permit compulsory work programs as a condition of juvenile probation. The juvenile court was therefore within its discretion, and we find that eight days of Juvenile Work Project is a valid condition of Walter's probation.

DISPOSITION
The judgment, including the order of probation, is affirmed.
Blease, Acting P. J., and Morrison, J., concurred.
NOTES
[1] Hereafter, undesignated section references are to the Welfare and Institutions Code.
[2] Walter challenges only the legal basis of his home supervision probation condition. He does not claim this condition was not properly tailored to him.
[3] Walter does not directly allege that his home supervision requirement is a constitutional violation of equal protection. To the extent that Walter implies such a claim, we find no violation. As discussed above, many restrictions of a minor's liberty do not amount to physical confinement. Such statutorily authorized restrictions, including Walter's home supervision requirement, do not arise to the incarceration-like liberty deprivation requiring equal protection strict scrutiny under the principles stated in People v. Olivas (1976) 17 Cal.3d 236 [131 Cal.Rptr. 55, 551 P.2d 375]. (See In re Kathy P. (1979) 25 Cal.3d 91, 101, fn. 11 [157 Cal.Rptr. 874, 599 P.2d 65]; Wayne J., supra, 97 Cal.App.3d at pp. 781-783; In re John R. (1979) 92 Cal.App.3d 566, 569 [155 Cal.Rptr. 78].)