Filed 12/13/13  In re Stephan D. CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re STEPHAN D., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>STEPHAN D.,<br><br>    Defendant and Appellant. | F067367<br><br>(Super. Ct. No. JW112369-00)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Peter A. Warmerdam, Referee.

R. Randall Riccardo, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Ward A. Campbell and Sean M. McCoy, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Cornell, Acting P.J., Detjen, J., and Oakley, J.†

†    Judge of the Superior Court of Madera County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

The court found that appellant, Stephan D., was a person described in Welfare and Institutions Code section 602[1] after it sustained allegations charging him with sexual battery (Pen. Code, § 243.4, subd. (e)(1)). On appeal, appellant challenges the juvenile court's failure to place him on non-wardship probation pursuant to section 725, subdivision (a) (hereafter section 725(a)) and he contends that one of his conditions of probation is unconstitutionally vague and overbroad. We find that the challenged probation condition does not meet certain statutory requirements and modify it so it does. As modified, we affirm the judgment.

## FACTS

### *The Jurisdiction Hearing*

At appellant's jurisdiction hearing, 16-year-old L.R. testified that she attended Foothill High School in Kern County. On or about February 21, 2013, she was walking to her sixth period class when appellant walked up behind her, reached between her left arm and body with his right arm, and squeezed her left breast with his right hand through her clothing. L.R. turned around to try to hit appellant and he moved back and started laughing. L.R. told appellant it was not funny and that what he did was not right. Appellant did not apologize or say anything else.

L.R. and appellant were good friends and had previously hugged each other side to side about five times, but appellant had never touched her like that before. L.R. was upset and crying as she continued walking to her class.

Campus Police Officer Gilbert Valdez testified that after sixth period he spoke with L.R. about the incident and that L.R. was upset and crying at the time. Valdez spoke with appellant the day after the incident. Valdez advised appellant of his *Miranda*[2] rights

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

2

and told him he was accused of sexual battery. Appellant told the officer he accidentally hit L.R. on the breast with his right hand when she walked past him and he raised his hand to give her a hug. L.R. walked away mad as he tried to tell her he was sorry. Appellant denied walking up behind L.R., reaching between her left arm and body, and squeezing her breast.

Appellant testified he was talking with his friend K. when L.R. walked between them. They greeted each other and as appellant raised his right arm to give L.R. a side hug, the back of his right hand hit L.R.'s left breast. Appellant told L.R. he was sorry and she got angry and asked appellant why he did that. Appellant again stated he was sorry as L.R. walked away. Appellant did not intend to touch L.R. in a sexual way and he denied that he was laughing when L.R. turned around and asked him what he was doing.

At the conclusion of the hearing the court found the sexual battery charge true.

### The Social Study Report and Disposition Hearing

Appellant's social study report indicates that during a probation department interview he stated he did not mean to touch the victim inappropriately and that he apologized to her. Appellant reported that he volunteered at San Joaquin Hospital working in patient care delivering food and water to patients and on Saturdays and Sundays he worked at the concession stand at a soccer park. Appellant denied any substance abuse and any gang affiliation.

The report further indicates that after being expelled from Foothill High School for the instant offense, appellant was enrolled in Auburn Community School. Although he has maintained good attendance with satisfactory grades, he had two "behavioral steps" and his negative behavior at school included walking out of class without permission and being verbally disruptive during class. However, for the most part he was respectful. His legal guardians did not report any major issues at home and stated that he was respectful.

3

Child Protective Services reports indicated that appellant's mother had a history of substance abuse. She had seven substantiated referrals, five for general neglect and two for caretaker absence/incapacity. On January 10, 2007, appellant was made a dependent child of the court. After failing five placements, appellant was placed with his current caretakers on November 9, 2009. In 2012 his caretakers received legal guardianship of appellant. Appellant was reported to have had behavioral and emotional problems throughout his time in protective custody, but was reported to have been doing well in the home of his guardians with no major issues. Appellant had never had any contact with his father whose whereabouts were unknown.

Under Case Assessment, appellant's risk level was assessed as low and his current risk factors were identified as School Status, Skills, and Attitudes and Behaviors.

The report noted that appellant showed no respect for the victim when he touched her on the breast and that he denied intentionally touching the victim. Thus, in order to hold appellant accountable for his behavior the report recommended that the court adjudge appellant a ward of the court, order him to complete 40 hours in the Juvenile Court Work Program, and order him to complete sexual offender counseling.

## DISCUSSION

### *The Court's Decision to Make Appellant a Ward of the Court*

At appellant's disposition hearing, after defense counsel argued appellant was a "good kid" growing up under difficult circumstances and that the battery occurred accidentally, the following colloquy occurred:

"[DEFENSE COUNSEL]: ... I can't understand why we're even here, but this Court is well aware of the discretion it has under [section] 725.[**3**] And this Court is well aware of the discretion that it has under

---

**3** Section 725 provides: "After receiving and considering the evidence on the proper disposition of the case, the court may enter judgment as follows:

4

[section] 654.2.[4]  I would ask the Court to utilize that code section to continue this case.

"If the Court feels that he needs counseling, he is ready, willing and able to do whatever counseling the Court would impose; and really, under that code section, whatever the Court would impose, and make this matter right with the Court.

"THE COURT:  Well, thank you, [defense counsel].  Luckily I was here during the [adjudication hearing] as well.  And I heard the evidence, and I made my determination as to what happened, so I don't have to rethink or reimagine it in any fashion.

"I certainly don't think [appellant] is a terrible monster.  I think he's a dumb teenage boy that he did something he wasn't supposed to do and that is the be all and end all of it.  I don't think this makes him some sort of sexual predator or terrible offender.  Again, I think it makes him a dumb teenage boy.  And there have been lots of dumb teenage boys over the years who have done similar things.  *So, no, I don't think he needs to go to sexual offender counseling, but nor do I think we go back to [section] 654 or any other program at this point.  We are where we are.*"  (Italics and fns. added.)

---

"(a) If the court has found that the minor is a person described by Section … 602, by reason of the commission of an offense other than any of the offenses set forth in Section 654.3, it may, *without adjudging the minor a ward of the court*, place the minor on probation, under the supervision of the probation officer, for a period not to exceed six months.…  If the minor fails to comply with the conditions of probation imposed, the court may order and adjudge the minor to be a ward of the court.  [¶]  (b) If the court has found that the minor is a person described by Section … 602, it may order and adjudge the minor to be a ward of the court."  (Italics added.)

**4**    Section 654.2, subdivision (a) allows the court to place a juvenile on non-wardship probation as follows:  "If a petition has been filed by the prosecuting attorney to declare a minor a ward of the court under Section 602, the court may, without adjudging the minor a ward of the court and with the consent of the minor and the minor's parents or guardian, continue any hearing on a petition for six months and order the minor to participate in a program of supervision as set forth in Section 654.…  If the minor successfully completes the program of supervision, the court shall order the petition be dismissed.  If the minor has not successfully completed the program of supervision, proceedings on the petition shall proceed no later than 12 months from the date the petition was filed."

The court then adjudged appellant a ward of the court, placed him on probation for a period of time not to exceed his 21st birthday, and released him to the custody of his guardian.

Appellant cites the italicized portion of the above quotation to contend the juvenile court did not consider placing appellant on non-wardship probation pursuant to section 725(a) because it was unaware of its discretion to do so pursuant to that section. He further contends the matter should be remanded because if the court had been aware of its discretion pursuant to section 725(a) it likely would have placed him on non-wardship probation. In his reply brief appellant contends the court abused its discretion when it declared appellant a ward of the court and placed him on probation as a ward of the court. We reject these contentions.

Here, defense counsel alerted the court to its discretion to place appellant on non-wardship probation when he told the court that it was "well aware of the discretion it has under [section] 725." Further, the court clearly responded to defense counsel's request for non-wardship probation pursuant to section 725(a) when it told defense counsel that they were not going back to section 654 "*or any other program.*" (Italics added.) Thus, the record refutes appellant's contention that the court was unaware it had discretion to place him on non-wardship probation pursuant to section 725(a).

Moreover, we review the juvenile court's commitment decision for abuse of discretion. It is the duty of the juvenile court, not the reviewing court, to determine the most appropriate placement for the minor. The juvenile court's determination will be reversed only if it has acted beyond the scope of reason. (*In re Khamphouy S.* (1993) 12 Cal.App.4th 1130, 1135.)

"'An appellate court will not lightly substitute its decision for that rendered by the juvenile court. We must indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings when there is substantial evidence to

6

support them. [Citations.] In determining whether there was substantial evidence to support the commitment, we must examine the record presented at the disposition hearing in light of the purposes of the Juvenile Court Law. [Citations.]' [Citation.]" (*In re Lorenza M.* (1989) 212 Cal.App.3d 49, 53.)

"The purpose of the juvenile court is to protect both the minor under its jurisdiction and the public, and to preserve and strengthen the minor's family ties whenever possible. [Citations.] Central to the juvenile court's mission are the care, treatment, guidance, and rehabilitation of the delinquent juvenile. [Citation.]" (*In re Walter P.* (2009) 170 Cal.App.4th 95, 99, fn. omitted.)

In support of his claim that the court abused its discretion when it made him a ward of the court, appellant cites numerous positive circumstances including the following: appellant did not have a prior criminal history, he had good school attendance and satisfactory grades, his offense did not involve violence, and there is no indication that he had previously engaged in that type of inappropriate conduct. However, the court could reasonably find from appellant's continued denial that he touched the victim inappropriately and his denial that he laughed at her when she turned around to confront him that he had not accepted responsibility for his unlawful conduct. Further, despite having been suspended from Foothill High School and having the underlying petition pending, at his new school appellant was involved in incidents during which he walked out of class without permission and was verbally disruptive during class. The court could reasonably find from these circumstances that appellant would benefit for a longer period of probation supervision than the maximum of six months available for a non-wardship probation pursuant to section 725(a) because it would impress upon him the seriousness of his unlawful conduct and hold him accountable for it. Thus, we conclude that the court did not abuse its discretion when it denied appellant's request to be placed on non-wardship probation pursuant to section 725(a) and made him a ward of the court.

7

*The Challenged Probation Condition*

As one condition of probation, the court ordered appellant "to be home on all nights by 10:00 o'clock." Appellant contends this condition is vague and overbroad and should be modified to include the statutory language of section 729.2. We agree that this probation condition should be modified to include the statutory language of section 729.2.

Section 729.2, in pertinent part, provides:

> "If a minor is found to be a person described in Section ... 602 and the court does not remove the minor from the physical custody of the parent or guardian, *the court as a condition of probation ... shall*:

> "¶ ... ¶

> "(c) Require the minor to be at his or her legal residence between the hours of 10:00 p.m. and 6:00 a.m. unless the minor is accompanied by his or her parent or parents, legal guardian or other adult person having the legal care or custody of the minor." (Italics added.)

"Ordinarily, the term 'shall' is interpreted as mandatory and not permissive. Indeed, 'the presumption [is] that the word "shall" in a statute is ordinarily deemed mandatory and "may" permissive.' [Citation.]" (*People v. Standish* (2006) 38 Cal.4th 858, 869.)

The curfew condition imposed by the court did not conform with the mandatory curfew condition required by section 729.2 subdivision (c) because it did not include the ending time of appellant's curfew or state that appellant may be out of his residence during the curfew if he is accompanied by one of his legal guardians. Accordingly, we modify this condition so it does.

## DISPOSITION

The judgment is modified so that appellant's curfew probation condition reads as follows: "Stephan D. is to be at his legal residence between the hours of 10:00 p.m. and 6:00 a.m. unless Stephan D. is accompanied by his legal guardian or other adult person having the legal care or custody of Stephan D." As modified, the judgment is affirmed.