Filed 8/26/13  In re Christopher A. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re CHRISTOPHER A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHRISTOPHER A.,<br><br>    Defendant and Appellant. | G047228<br><br>(Super. Ct. No. DL043034)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Jacki C. Brown, Judge.  Affirmed in part and reversed in part for reconsideration of probation condition.

Lynelle K. Hee, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Marilyn L. George, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

After sustaining a Welfare and Institutions Code[1] section 602 petition, to declare minor Christopher A. a ward of the court, the juvenile court ordered Christopher to participate in a 52-week batterer's program pursuant to Penal Code section 1203.097, subdivision (a)(6).  Christopher contends the court misinterpreted Penal Code section 1203.097 to apply to juvenile court delinquency adjudications.  We agree and remand to the juvenile court so it may decide whether to impose the disputed probation condition under section 730, subdivision (b).

FACTS

Christopher was 16 years old on July 9, 2012.  On that day, Christopher "unlawfully assaulted and battered" his two brothers.  He admitted to the police, "I have a really bad temper.  I get easily provoked."

Based on Christopher's signed waivers and admissions, the court found the four counts alleged in the petition to be true beyond a reasonable doubt.  The court declared Christopher a ward of the court and placed him on supervised probation.  The court committed Christopher to the care, custody, and control of the probation officer.  The court also ordered Christopher released to his parents upon termination of commitment, and to obey various probation conditions.

---

[1] All statutory references are to the Welfare and Institutions Code, unless otherwise stated.

2

Only one of the probation conditions is at issue here. The court required Christopher to participate in a 52-week batterer's program, expressing its belief that this order was mandatory: "I find and rule that the provisions of Penal Code section 1203.097 apply in juvenile court. This is a domestic violence matter. . . . [¶] Therefore, I do require that he complete the functional equivalent of a batterer's treatment program of 52 weeks of duration." The court stayed the performance of this probation condition to allow an effective appeal on the issue.

DISCUSSION

Penal Code section 1203.097, subdivision (a), reads, in relevant part: "If a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code, the terms of probation shall include" "[s]uccessful completion of a batterer's program . . . for a period not less than one year . . . ." (*Id.*, subd. (a)(6).) It is undisputed that Christopher's brothers were victims of domestic violence as defined by Family Code section 6211.[2] Were Christopher an adult granted probation after convictions for assault and battery against family members in his household, Penal Code section 1203.097 undoubtedly would require Christopher's participation in a batterer's program. But, as a minor, Christopher falls within the jurisdiction of the juvenile court, which is generally guided by the Welfare and Institutions Code in determining appropriate orders after a minor is adjudged to be a ward of the court. Thus, the question presented is whether Penal Code section 1203.097 requires Christopher to participate in a 52-week batterer's program.

---

[2] As relevant in this case, Family Code section 6211 defines "'[d]omestic violence'" to include "abuse perpetrated" against "[a]ny other person related by consanguinity or affinity within the second degree." (*Id.*, subd. (f).)

3

*Penal Code Section 1203.097 Does Not Apply to Juvenile Dispositions*

The interpretation of a statute is subject to de novo review. (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916.) "In construing a statute, our role is to ascertain the Legislature's intent so as to effectuate the purpose of the law. [Citation.] In determining intent, we must look first to the words of the statute because they are the most reliable indicator of legislative intent. [Citation.] If the statutory language is clear and unambiguous, the plain meaning of the statute governs." (*People v. Lopez* (2003) 31 Cal.4th 1051, 1056.) "[W]e consider the statutory language in the context of the entire statute and the statutory scheme of which it is a part." (*Molenda v. Department of Motor Vehicles* (2009) 172 Cal.App.4th 974, 992.)

Here, the plain language of Penal Code section 1203.097 indicates that only those who are "granted probation" for a domestic violence offense are subject to the terms of the statute. Penal Code section 1203.097 does not differentiate between adult and juvenile perpetrators of domestic violence. Without considering anything other than the language of Penal Code section 1203.097, one might reasonably conclude Christopher must complete a 52-week batterer's program because he was "granted probation" for a domestic violence offense.

But Penal Code section 1203.097 must be considered in the context of other Penal Code and Welfare and Institutions Code provisions. "As used in [the Penal Code], 'probation' means the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of a probation officer." (Pen. Code, § 1203, subd. (a).) Thus, the interpretive question is not whether Christopher was "granted probation" in some general, dictionary definition sense of these words, but whether the juvenile court (1) suspended the imposition or execution of a sentence and (2) ordered conditional and revocable release in the community under the supervision of a probation officer.

4

Viewed in this way, it becomes apparent that Christopher was not "granted probation" under Penal Code section 1203.097. Juvenile courts do not "sentence" juveniles; they therefore do not suspend the imposition or execution of sentence when granting probation. (See *In re Tony S.* (1978) 87 Cal.App.3d 429, 432-433 ["A juvenile court declaration of wardship is not a criminal conviction [citation], and a dispositional order following such declaration is not a sentence"].) Instead, the "place[ment]" (§§ 727, subd. (a), 730, subd. (b)) of a juvenile on "probation" is just one possible "disposition" (§ 702) for the juvenile court to consider in ensuring "'that juvenile offenders who have not yet become hardened criminals receive treatment and rehabilitation.'" (*In re Carlos E.* (2005) 127 Cal.App.4th 1529, 1542.)[3] Even the most restrictive dispositions in the juvenile justice system are deemed "commit[ments]," not sentences. (§ 730, subd. (a) ["commit the minor to a juvenile home, ranch, camp, or forestry camp"], § 731, subd. (a)(4) ["[c]ommit the ward to the Department of Corrections and Rehabilitation, Division of Juvenile Facilities"].)

The Welfare and Institutions Code does not explicitly define the word "probation." But even without an explicit statutory definition, it is clear that juvenile delinquency "probation" does not amount to the same thing as adult criminal "probation."

---

[3] "Once jurisdiction on a 602 petition is established, the case proceeds to a dispositional hearing. At this hearing, the court considers the probation officer's social study and other evidence to determine an appropriate disposition. [Citation.] In reaching a disposition, the court considers (1) the minor's age, (2) the circumstances and gravity of the offense, and (3) the minor's previous delinquent history. [Citation.] The court may place the minor on probation, with or without declaring the minor a ward of the court, or it may declare the minor a ward and order appropriate treatment and placement. [Citation.] Placement options include the home of a relative or extended family member; a suitable licensed community care facility or foster home; juvenile hall; a ranch, camp or forestry camp; and, the most restrictive setting, [the Department of Corrections and Rehabilitation, Division of Juvenile Facilities]. [Citations.] The court can also set aside the jurisdictional findings and dismiss the petition if it finds that the interests of justice and the welfare of the minor require a dismissal, or if it finds that the minor is not in need of treatment or rehabilitation." (*In re Greg F.* (2012) 55 Cal.4th 393, 404.)

"'"[J]uvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment; it is an ingredient of a final order for the minor's reformation and rehabilitation."'" (*In re Francisco S.* (2000) 85 Cal.App.4th 946, 953.)

With regard to a ward of the court "placed under the supervision of the probation officer" (like Christopher), "[t]he court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced. (§ 730, subd. (b).) The Legislature has demonstrated its ability to restrict a juvenile court's discretion in imposing probation conditions. For example, minors who commit battery on school property under Penal Code section 234.5 must, as a mandatory condition of probation in specified circumstances, "make restitution to the victim of the battery." (§ 729.) Minors who use controlled substances must perform community service and complete substance abuse programs. (§§ 729.8, 729.10.) The Legislature has provided no such language in the Welfare and Institutions Code for acts of domestic violence.

In sum, a careful consideration of relevant Penal Code and Welfare and Institutions Code sections leads us to conclude the Legislature did not intend to limit the discretion of juvenile delinquency courts in cases of domestic violence by way of Penal Code section 1203.097. The court was mistaken in its belief that it was required to impose the batterer's program condition and we therefore reverse this portion of the judgment.

*The Court had Discretion to Require Christopher to Attend a Batterer's Program*

As previously explained, a juvenile court may "impose and require any and all reasonable [probation] conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (§ 730, subd. (b).) The foregoing analysis does not suggest it was inappropriate to order Christopher to participate in a batterer's program as a condition of probation. We simply

6

hold that the court was not required to impose such a probation condition by Penal Code section 1203.097. We therefore remand this case to the juvenile court so it may exercise its discretion on this point. (See *In re Walter P*. (2009) 170 Cal.App.4th 95, 100 ["An appellate court will not disturb the juvenile court's broad discretion over probation conditions absent an abuse of discretion"].)

## DISPOSITION

We reverse the judgment with regard to the court's imposition of a 52-week batterer's program pursuant to Penal Code section 1203.097. We remand to the juvenile court to allow it an opportunity to exercise its discretion under the Welfare and Institutions Code as to whether to require Christopher to participate in a batterer's program. The judgment is otherwise affirmed.

IKOLA, J.

WE CONCUR:

O'LEARY, P. J.

MOORE, J.