Filed 5/21/14  In re Andrew M. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re ANDREW M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANDREW M.,<br><br>    Defendant and Appellant. | G048430<br><br>(Super. Ct. No. ST001040)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed as modified.

Richard Glen Boire, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

The juvenile court found that Andrew M., then 15 years old, came within the provisions of Welfare and Institutions Code section 601, subdivision (b), due to habitual truancy. The court declared him a ward of the court.[1] Andrew was not removed from his parents' custody, but, in its disposition order, the court imposed "usual terms and conditions of probation," including that Andrew must "[s]ubmit [his] person, residence and property to search and seizure by any peace or probation officer or school official during school hours anytime during the school day, with or without warrant, probable cause or reasonable suspicion" (the probation condition). Andrew solely argues in this appeal that the probation condition is unreasonable and unconstitutionally overbroad with regard to its search requirement; he does not challenge the probation condition as to its seizure requirement.

For the reasons we explain *post*, we conclude the search requirement of the probation condition is invalid under the test set forth in *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*), because it has no relationship to Andrew's habitual truancy, it relates to conduct which is not in itself criminal, and it "'requires or forbids conduct which is not reasonably related to future criminality.'" We therefore direct the juvenile court to modify its order to strike the search requirement of the probation condition, and otherwise affirm the order in its entirety.


BACKGROUND

In June 2011, a juvenile delinquency petition was filed in the Orange County Juvenile Court, alleging that Andrew came within section 601, subdivision (b) because of his habitual truancy. In October 2011, after reviewing Andrew's much

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

2

improved school attendance records and doctor's notes, the juvenile court ordered that petition dismissed.

In April 2012, a new juvenile delinquency petition was filed under section 601, subdivision (b), alleging Andrew was a habitual truant within the meaning of Education Code section 48262,[2] in that he, inter alia, had been absent from school without a valid excuse 42 full days during the months of November 2011 through February 2012. The new petition further alleged Andrew "failed to respond to directives of the School Attendance Review Board or to the probation officers or services provided." Following trial, the juvenile court found the allegations of the new petition true beyond a reasonable doubt.

Before the disposition hearing, the Orange County Probation Department filed a truancy disposition report. The report summarized Andrew's truancy history and Andrew's and his parents' explanations as to why Andrew did not like attending school. The report suggested he suffered from anxiety or depression. The report noted the absence of any criminal behavior or substance abuse issues in Andrew's immediate family. Andrew had not displayed any behavioral issues other than refusing to attend school; he would simply stay at home instead of attending school. The truancy disposition report stated, "it is felt that [Andrew's] truancy issues may stem from the possibility of having negative experiences in a classroom setting." The report concluded: "[I]t is respectfully recommended that the minor be placed on a program of probation

---

[2] Education Code section 48262 provides: "Any pupil is deemed an habitual truant who has been reported as a truant three or more times per school year, provided that no pupil shall be deemed an habitual truant unless an appropriate district officer or employee has made a conscientious effort to hold at least one conference with a parent or guardian of the pupil and the pupil himself, after the filing of either of the reports required by Section 48260 or Section 48261. For purposes of this section, a conscientious effort means attempting to communicate with the parents of the pupil at least once using the most cost-effective method possible, which may include electronic mail or a telephone call."

pursuant to the provisions of Section 601(b) WIC. It is further recommended that the minor be directed to obey the usual terms and conditions of probation," which included the probation condition containing the search and seizure requirements.

At the disposition hearing, Andrew's attorney argued: "And with respect [to] the recommendation by probation, there was a reference to search and seizure. I would object to any kind of search and seizure at all. [¶] But to the extent that the court is planning on imposing it, I would request that it be modified and limited solely to truancy officers for truancy court purposes during school hours only."

The court declared Andrew a ward of the court under section 601, subdivision (b), ordered that he remain in his parents' custody under the supervision of the probation officer, and further ordered that he "obey the usual terms and conditions of probation" and comply with specific programs the court identified. The court imposed the probation condition, specifically ordering Andrew to, inter alia, "[s]ubmit your person, residence and property to search and seizure by any peace or probation officer or school official during school hours anytime during the school day, with or without warrant, probable cause or reasonable suspicion."[3]

---

[3] The other probation conditions and specific programs identified by the court required Andrew to (1) obey the rules and regulations of probation, his parents, and the "institution"; (2) attend school every day on time without absences or tardies; (3) successfully complete and submit proof showing he completed 40 hours of volunteer community service during off-school hours; (4) report to probation as directed; (5) not use, possess, or be under the influence of alcohol or illegal drugs or narcotics; (6) experience a 365-day delay in the issuance of a driver's license to him from the date he becomes legally eligible to drive; (7) not use or possess any dangerous, illegal, or deadly weapons or weapon replicas, or not knowingly be in the presence of any illegally armed person; (8) appear in court when ordered to do so by the court or probation; (9) obey all school rules; (10) abide by the curfew, set by his parents, that is no later than 10:00 p.m., unless he is attending a sanctioned school activity, employment, religious program, or is with a parent or with prior approval from his probation officer; (11) attend counseling as directed by his probation officer or the court; (12) submit to an Evidence Code section 730 evaluation; (13) be interviewed, along with his mother, father, and probation officer; (14) write an essay for the court; (15) attend one field trip or speaker

Andrew appealed.

## DISCUSSION

Andrew challenges the probation condition to the extent it requires him to submit to a search by any peace or probation officer or school official of his person, residence, or property, at any time during school hours, without a warrant, probable cause, or reasonable suspicion. Andrew does not challenge the seizure requirement of the probation condition. For the reasons we will explain, the search requirement imposed by the juvenile court in the probation condition is invalid.

"'Because of its rehabilitative function, the juvenile court has broad discretion when formulating conditions of probation. "A condition of probation which is impermissible for an adult criminal defendant is not necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court." [Citation.] "[I]n planning the conditions of appellant's supervision, the juvenile court must consider not only the circumstances of the crime but also the minor's entire social history. [Citations.]" [Citation.]' [Citations.]" (*In re Binh L.* (1992) 5 Cal.App.4th 194, 203 (*Binh L.*).) The juvenile court's imposition of any particular probation condition is reviewed for abuse of discretion. (*In re Walter P.* (2009) 170 Cal.App.4th 95, 100.)

While "California appellate courts have expressly upheld probation search conditions in particular juvenile court cases," a juvenile "cannot be made subject to an automatic search condition." (*Binh L.*, *supra*, 5 Cal.App.4th at p. 203.) The statutory authority for juvenile probation conditions is section 730, which provides: "The court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of

event as directed by the court or probation officer; (16) attend a "Finding Your Voice" session and submit proof of attendance; and (17) attend 10 parent empowerment program sessions with his parents.

the ward enhanced." (§ 730, subd. (b).) "'Even conditions which infringe on constitutional rights may not be invalid if tailored specifically to meet the needs of the juvenile [citation].'" (*Binh L.*, *supra*, at p. 203.)

In determining whether a juvenile search condition is valid, the test set forth in *Lent*, *supra*, 15 Cal.3d at page 486, applies. (*Binh L.*, *supra*, 5 Cal.App.4th at p. 203.) In *Lent*, *supra*, 15 Cal.3d at page 486, the California Supreme Court determined, "[a] condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]" However, "a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*Ibid.*) Unless all three *Lent* factors are present, a condition of probation will not be invalidated. (*Ibid*.)

Here, all three *Lent* factors are present. The record shows Andrew is truant because he does not want to go to school and instead stays home. The truancy disposition report suggests that Andrew might be suffering anxiety or depression, which is the possible cause of his truancy. The record does not show that Andrew is involved with alcohol or drugs, gangs, weapons, or criminal activity in any form. Other than failing to regularly attend school, Andrew has not had behavioral problems at home or disciplinary problems at school. On this record, the search requirement of the probation condition has no relationship to Andrew's habitual truancy. Nothing in the record shows that the search requirement relates to conduct that is in any way criminal. Applied to this case, the search requirement "requires or forbids conduct which is not itself criminal" and is not otherwise reasonably related to Andrew's habitual truancy or to his "future criminality." (*Lent*, *supra*, 15 Cal.3d at p. 486.)

It appears that the search requirement was included in the probation condition as a "usual" condition of probation and was not narrowly tailored to address

6

Andrew's needs. We therefore direct the juvenile court to strike the portion of the probation condition as to its search requirement, and otherwise affirm the juvenile court's disposition order.

## DISPOSITION

We direct the juvenile court to modify its disposition order to strike the search requirement of the probation condition that requires Andrew to submit his person, residence, and property to be searched by any peace or probation officer or school official during school hours, with or without a warrant, probable cause, or reasonable suspicion. We otherwise affirm the order in its entirety.


FYBEL, J.

WE CONCUR:


ARONSON, ACTING P. J.


IKOLA, J.

7