Filed 7/21/16  In re Donovan B. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re DONOVAN B.,<br>A Person Coming Under the Juvenile Law<br>_____<br>THE PEOPLE,<br>    Plaintiff and Respondent,<br>v.<br>DONOVAN B.,<br>    Defendant and Appellant. | No. A146987<br><br>(Contra Costa County<br>Ct. No. J1400611) |

The Contra Costa County juvenile court found 16-year-old Donovan B., upon his own admission, to have resisted or obstructed a peace officer in violation of Penal Code section 148, subdivision (a)(1), a misdemeanor, and reserved authority to consider facts related to two other counts that it dismissed.  At disposition, minor was committed to the Orin Allen Youth Rehabilitation Facility (Orin Allen) in Contra Costa County for six months plus a 90-day conditional release parole period.  Minor filed a timely appeal of the court's disposition order, contending that the court abused its discretion in committing him to Orin Allen for the length of time ordered and in ordering an indefinite wardship.

Minor's court-appointed counsel has filed a brief that does not raise any legal issues.  He requests this court independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Minor was informed of his rights regarding the

1

filing of a supplemental brief and has not exercised these rights. Upon our independent review of the record pursuant to *Wende*, we conclude there are no arguable appellate issues for our consideration and affirm the order appealed from.

## BACKGROUND

In July 2015, the Alameda County District Attorney's Office filed a petition pursuant to Welfare and Institutions Code section 602, subdivision (a) alleging that on July 10, 2015, minor evaded a peace officer in violation of Vehicle Code section 2800.1, subdivision (a), a misdemeanor; resisted or obstructed a peace officer in violation of Penal Code section 148, subdivision (a)(1), a misdemeanor; and drove a vehicle without a driver's license in violation of Vehicle Code section 12500, subdivision (a), a misdemeanor.

Pending the outcome of his petition, minor was placed in the GPS program in August 2015. On September 7, 2015, he was taken into custody and placed in juvenile hall for removing his GPS device and leaving his home without permission.

A detention hearing was held in September 2015. Minor's counsel informed the court minor would admit to resisting or obstructing a peace officer, the second of the three counts brought against him. The court found minor had waived his rights to a trial, to remain silent and to confront and cross-examine witnesses, understood the nature of the conduct alleged in the petition and the possible consequences of his admission, and made his admission freely and voluntarily and with his counsel's consent. The court found a factual basis for his admission and found him to have committed the offense. The remaining counts were dismissed, but the court retained the authority to consider the facts and to order possible restitution regarding these dismissed counts. The court found the maximum time minor could be confined in secure custody was one year.

At this same hearing, minor's counsel told the court minor had removed his GPS device "to get back some things that were taken from him by his girlfriend" and that he had turned himself in after doing so. Counsel requested that minor be allowed to return home to his mother pending disposition. Minor assured the court he would not remove his GPS device again and the court released him to his mother with GPS monitoring. The

2

court also ordered the case transferred to the juvenile court in Contra Costa County, the county of mother's residence, with minor's approval. The juvenile court in Contra Costa County subsequently ordered him on home supervision pending his disposition hearing.

The Contra Costa County probation department later reported to the court that on October 9, 2015 minor had violated the terms of home supervision. Specifically, police responded to minor's residence regarding a family fight involving minor, his 14-year-old brother, and his mother. According to police, minor was the aggressor in the fight. He was detained in juvenile hall, subsequently tested positive for marijuana, and admitted to having used it the day before. The reporting probation officer wrote that minor's mother told the probation officer that minor had beaten his brother in the face and kicked him while the brother was on the ground, resulting in the brother having a bloody nose and a concussion. She also said minor had kicked a hole in the wall of the home and held up a baseball bat in a threatening manner. She said minor was beyond her control, that she suspected he was abusing Xanax and Seroquel, and that she was no longer willing to provide care and custody for him. Also, school records indicated minor was tardy or very truant for most of his classes on each of the school days leading up to his detention. The probation department recommended he stay in juvenile hall pending his disposition hearing.

The court held a hearing on minor's alleged home supervision violation. It found minor had violated the terms of his home supervision and ordered that he be detained in juvenile hall pending disposition.

The juvenile court held a disposition hearing in November 2015, for which the probation department prepared another report. The department wrote that according to an Oakland police report, an officer observed minor driving a late-model car with a defective right front headlamp at 8:13 p.m. on July 10, 2015. The officer had attempted to make a traffic stop of the same car the night before, but it had sped away. This time, minor, who was driving the car, and a passenger attempted to evade the police on foot. Both were eventually detained and minor was arrested for the offenses he was later

3

charged with in the petition. The car was found to be registered to a car rental agency in Los Angeles and rented to a third party.[1]

The probation officer had interviewed minor. Minor said he had run from the police officer "when the officer pulled his gun on him because he was scared. The minor says he now feels badly for what he did because of all the trouble he is in. He says the two lessons he has learned from the situation are not to drive without a license and not to be in position to be pulled over by the police." The minor stated he thought it would be appropriate if he spent four months in Orin Allen. He said he would be shocked if he was placed there for any longer period of time because it was his first adjudication, but indicated he needed to get off the streets for a short period of time. While at juvenile hall pending disposition, minor was found to be a low risk on the unit, but committed two rules violations as of October 14, 2015, in one case threatening a staff person and in another "refusing class."

Minor indicated that he and his mother loved each other, but that they had their differences, and that he did not have a relationship with his father. He said he was not in a gang and did not have any tattoos. He also said he was improving at school after a year of "Ds" and "Fs," although the school attendance report indicated he was tardy or truant for most of his classes leading up to his October 2015 detention. He indicated he smoked marijuana "off and on," but also said at one point that he smoked it daily to calm down from anxiety attacks and used his lunch money to get it. He also said that he sold marijuana and pills while on the street because his mother no longer gave him money.

---

[1] The probation department also reported that it had mailed a victim restitution and impact statement letter to the car rental agency and that a representative had reported via voice mail that "she received the letter but she *could locate* a rental agreement under the name of the minor. Therefore, she stated she needed additional information about the vehicle in question before she can provide the restitution information," and asked for the vehicle's license plate number and the day and time of the offense. (Italics added.) Given the representative's request for the vehicle's license plate number and the department's recommendation, it is apparent that the reporting probation department officer intended to write that the representative "*could not locate* a rental agreement under the name of the minor."

4

Mother told the probation officer that minor seemed different and was focusing on making changes, and that he seemed remorseful for fighting with his brother. She was supportive of his commitment to Orin Allen if he received services necessary to change his behavior. Mother also stated she did not have a criminal history.

The probation department concluded that minor's "adjudication does not carry substantial custody time, and merely scratches the surface when considering the contributing factors to his delinquency. He has abandonment issues as to his father's absence from his life which has seriously impacted his self-esteem and sense of belonging. He has issues with substance abuse, anger management, and poor family relationships, factors which have increased the likelihood for re-offense to moderate level." The department recommended wardship and a six-month commitment to Orin Allen.

The probation department submitted an addendum to its report indicating that mother had a history of arrests dating from 1989 through March 2015, but that all of the arrests, except the most recent for assault with a deadly weapon which remained unresolved, were either not prosecuted for lack of evidence, dismissed in the interest of justice or discharged "due to compromise or delay." The department did not change its recommendations regarding minor's disposition.

At the disposition hearing, minor did not put on any evidence or contest any of the facts. His counsel informed the court that mother would "honor" her son's commitment to Orin Allen if the court so ordered, but preferred he be ordered to home supervision, and minor's counsel made this request as well. Counsel emphasized that this was minor's first offense, that minor ran from the police because he was scared, that minor acknowledged he made a mistake attacking his brother, and that mother was concerned about minor's commitment to Orin Allen. Counsel also submitted evidence to the court indicating that minor was doing well in school. The People agreed with the probation department's recommendation.

The court then ruled. It stated: "I think when you look at the underlying offense, it's not just a resisting. You've got the minor driving at 12:30 at night, evading an officer

5

who's attempting to make a traffic stop, who is seen the very next night apparently again in that same car. And the car was stolen. It's clear that he needs more supervision than what he was getting. [¶] He admits to substance abuse. He is having trouble or was having trouble in school. He apparently was telling his mom that he was going to school and instead he was using lunch money to buy marijuana. And that's not acceptable." The court also noted that he was at a moderate level for reoffending. The court concluded, "I think it's time for him to get more intensive help than what he has had in the past. I think he needs it. So I am going to follow the recommendation of Probation at this time."

The court ordered a wardship without a termination date and committed minor to Orin Allen for a six-month regular program and a 90-day conditional release parole period, and imposed probation on him upon his return home. The court also ordered, among other things, that minor follow standard conditions of probation; attend school regularly and obey school authorities; report to probation as directed and follow their orders; remain at home from 9:00 p.m. to 6:00 a.m. unless accompanied by a parent or guardian; not knowingly use or possess any illegal drugs, drug paraphernalia, alcohol, or prescription drugs for which he did not have a valid prescription; have no contact with the passenger in the car the night of his arrest; and not drive a motor vehicle without a valid license, insurance and the specific permission of the owner.

Minor filed a timely notice of appeal in December 2015.

## DISCUSSION

Under Welfare and Institutions Code section 202, juvenile proceedings are primarily rehabilitative. (*In re Eddie M.* (2003) 31 Cal.4th 480, 507.) "Within these bounds, the court has broad discretion to choose probation and/or various forms of custodial confinement in order to hold juveniles accountable for their behavior, and to protect the public." (*Ibid.*) Thus, dispositional orders for delinquent minors shall provide for "care, treatment, and guidance that is consistent with their best interest, that holds them accountable for their behavior, and that is appropriate for their circumstances." (Welf. & Inst. Code, § 202, subd. (b).) Juvenile placements need not

6

follow any particular order, such as placement from the least to the most restrictive. (*In re Eddie M.*, at p. 507.)

When a juvenile court declares a minor a ward of the court, it may remove that minor from physical custody of a parent or guardian if, after a hearing, it finds, among other things, that "the welfare of the minor requires that custody be taken from the minor's parent or guardian." (Welf. & Inst. Code, § 726, subd. (a)(3).) A juvenile court faced with making such a determination at a delinquency disposition should "consider 'the broadest range of information' in determining how best to rehabilitate a minor and afford [that minor] adequate care." (*In re Robert H.* (2002) 96 Cal.App.4th 1317, 1329 (*Robert H.*).) In addition to "other relevant and material evidence," a juvenile court making a dispositional order should consider "(1) the age of the minor, (2) the circumstances and gravity of the offense committed by the minor, and (3) the minor's previous delinquent history." (Welf. & Inst. Code, § 725.5.) When making such orders, the juvenile court is free to evaluate credibility, weigh the evidence, and accept or reject the recommendations of the probation officer. (*Robert H.*, at p. 1329.)

We may reverse the juvenile court's dispositional order only upon a showing of abuse of discretion. (*Robert H.*, *supra*, 96 Cal.App.4th at pp. 1329–1330.) Thus, when reviewing such an order, " ' "[w]e must indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings when there is substantial evidence to support them." ' " (*Id.* at p. 1330.) It is not our responsibility "to determine what we believe would be the most appropriate placement for a minor. This is the duty of the trial court, whose determination we reverse only if it has acted beyond the scope of reason." (*In re Khamphouy S.* (1993) 12 Cal.App.4th 1130, 1135.)

"If the court has found that the minor is a person described by Section . . . 602, it may order and adjudge the minor to be a ward of the court." (Welf. & Inst. Code, § 725, subd. (b).) "If a minor . . . is adjudged a ward of the court . . . the court may make any reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the minor . . . subject to further order of the court." (*Id.*, § 727, subd. (a).) There is no requirement that the court impose a time-limited wardship. (See *id.*, § 725, subd. (b);

7

Cal. Rules of Court, rule 5.790(a)(2)(C).)  Further, "[a]n appellate court will not disturb the juvenile court's broad discretion over probation conditions absent an abuse of discretion."  (*In re Walter P.* (2009) 170 Cal.App.4th 95, 100.)  A minor who performs well on probation may petition the court to terminate the wardship.  (See Welf. & Inst. Code, § 778, subd. (a); Cal. Rules of Court, rule 5.560(d).)

We conclude based on our independent review of the record pursuant to *Wende* that there are no arguable appellate issues for our consideration.

## DISPOSITION

The order appealed from is affirmed.

_____

STEWART, J.

We concur.

_____

KLINE, P.J.

_____

RICHMAN, J.

*In re Donovan B.* (A146987)