Filed 11/12/21  In re A.P. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| In re A.P., a Person Coming Under the Juvenile Court Law. | C093294 |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>A.P.,<br><br>Defendant and Appellant. | (Super. Ct. No. PDL20200014) |

After the minor, A.P., admitted committing a misdemeanor hit and run (Veh. Code, § 20002, subd. (a)), the juvenile court placed him on six months' summary nonwardship probation.  (Welf. & Inst. Code, § 725, subd. (a).)[1]  On appeal, the minor contends that the juvenile court lacked jurisdiction to impose probation conditions beyond those specified in section 725.  The minor also challenges the validity of various

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

specific conditions as unconstitutionally overbroad, vague, and violative of the requirements of *People v. Lent* (1975) Cal.3d 481.  We dismiss the appeal as moot.[2]

## BACKGROUND

In March 2020, the minor admitted the allegations of a section 602 petition that he had committed a battery on his girlfriend.  (Pen. Code, § 243, subd. (e)(1).)  The juvenile court placed the minor on a summary nonwardship probation under section 725, subdivision. (a).  While on probation, the minor admitted the allegations of a second section 602 petition that he committed a misdemeanor hit and run (Veh. Code, § 20002, subd. (a)) and a traffic infraction (Veh. Code, § 21460, subd. (a)), and that in so doing, he had violated the terms of his section 725 probation.  On December 14, 2020, the juvenile court again placed defendant on a summary nonwardship probation and dismissed the prior petitions.

The juvenile court imposed a number of terms and conditions of probation beyond those delineated in section 725, subdivision (a).[3]  The minor did not object to the

---

[2]  The notice of appeal was filed on December 23, 2020.  Due to multiple extensions to the briefing schedule, this case was not fully briefed until August 3, 2021.  Appellant did not advise this court of any urgency in this appeal based on the abbreviated probationary period.

[3]  Section 725, subdivision (a) states as to a nonwardship probation:  "The minor's probation shall include the conditions required in Section 729.2 except in any case in which the court makes a finding and states on the record its reasons that any of those conditions would be inappropriate.  If the offense involved the unlawful possession, use, or furnishing of a controlled substance, as defined in Chapter 2 (commencing with Section 11053) of Division 10 of the Health and Safety Code, a violation of subdivision (f) of Section 647 of the Penal Code, or a violation of Section 25662 of the Business and Professions Code, the minor's probation shall include the conditions required by Section 729.10."  Section 729.2 sets forth three conditions:  requiring the minor to attend school without unapproved absence, requiring the parents or guardian of the minor to participate in a counseling or education program with the minor, and imposing a curfew on the minor.

2

imposition of these conditions on the grounds they were beyond the court's jurisdiction. Among the conditions imposed, the juvenile court required that the minor: "Not possess, own, or handle any firearm, knife, weapon, fireworks, explosives, or chemicals that can produce explosives" (condition 10); "Be subject to search and/or seizure of his or her person, vehicle, or place of residence, or any place under his or her control, at any time, day or night, without a search warrant and without probable or reasonable cause, on the direction of the probation officer or a peace officer, for detection of the possession of . . . illegal and Court prohibited items" (condition 14); and "Participate in the Juvenile Court Work Program for a period of 10 days, to be imposed at the discretion of the probation officer, contingent upon your performance at home, school and in the community" (condition 34). The minor objected to condition 10 on the grounds it was overbroad and vague, violated *Lent*, and did not include an explicit knowledge requirement. The minor's counsel also objected to the nighttime search in condition 14 on the grounds it was overbroad and violated *Lent*. The minor did not object to condition 34.

The minor's probation was scheduled to continue until June 2021.[4] The minor was advised that his case with probation was closed on July 14, 2021.

DISCUSSION

The minor contends, contrary to our holding in *In re Walter P.* (2009) 170 Cal.App.4th 95, that the trial court lacked authority to impose conditions of probation beyond those referenced in section 725, subdivision (a). The minor also contends: condition 34 is unconstitutionally vague and an unlawful delegation of judicial authority;

_____

[4] The Attorney General requests that we take judicial notice of various documents filed after the dispositional order which are relevant to the argument that the appeal is moot, including a March 15, 2021, minute order from the 90-day review and a July 14, 2021, letter from the probation office advising the minor that his probation had been closed. We deferred consideration of the request until consideration of the appeal on the merits, and now grant the request for judicial notice.

3

condition 14 is overbroad and fails the *Lent* test; and condition 10 is overbroad as written,[5] is vague because does not include a knowledge requirement, and fails the *Lent* test.

Defendant was granted six months' probation on December 14, 2020. The probationary term has expired.

Generally, the expiration or termination of probation renders an appeal challenging a condition of probation moot. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120, fn. 5; *In re R.V.* (2009) 171 Cal.App.4th 239, 245.) Where there is a matter of broad public interest that is likely to recur, or the same controversy is likely to recur between the parties, we may exercise our discretion to resolve the issue. (See, e.g., *Carbajal*, at p. 1120, fn. 5; *R.V.,* at p. 245; see also *In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498.) This is not such a case. Since defendant's probation has ended, we conclude the challenges to the probation conditions are moot.

DISPOSITION

The appeal is dismissed.

/s/_____<br>
HOCH, J.

We concur:


/s/_____<br>
RAYE, P. J.


/s/_____<br>
MURRAY, J.

_____

[5] The parties agree the oral modification of this condition cured any constitutional defect.

4