Filed 11/12/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re PATRICK F., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PATRICK F.,<br><br>Defendant and Appellant. | A143586<br><br>(Alameda County<br>Super. Ct. No. SJ14023322) |

Patrick F. (appellant) was declared a ward of the juvenile court after admitting an allegation of second degree burglary.  (Welf. & Inst. Code, § 602; Pen. Code, § 459.)  He appeals from a dispositional order placing him on probation, and challenges an electronics search condition requiring him to "[s]ubmit . . . any electronics and passwords under your control to search by Probation Officer or peace office[r] with or without a search warrant."  We reject his claim that the condition must be stricken in its entirety because it is unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and poses a risk of illegal eavesdropping under Penal Code section 632.  We agree that as written, the condition was overbroad and must be modified.

## I.  BACKGROUND

On the morning of June 11, 2014, 17-year-old appellant burglarized the home of his next-door neighbor with the assistance of an adult cousin who was on parole.  The neighbor had left earlier in the day, and when she returned home around noon the house had been ransacked and a gold ring and about $87 in rolled coins were missing.  After he

1

was apprehended, appellant admitted to police that he had entered the neighbor's home and taken the property while his cousin acted as a lookout.

The district attorney filed a juvenile wardship petition alleging appellant had committed a first degree residential burglary. (Pen. Code, § 459.) The petition was amended to allege second degree burglary and appellant admitted the allegation. (*Ibid*.) During an interview with the probation officer who prepared a report for the dispositional hearing, appellant said he had decided to steal from his neighbor because he wanted marijuana and he did not feel comfortable asking his parents for money he was going to spend on drugs. He acknowledged smoking marijuana up to three times a day and admitted he had not attended school regularly for a long time. He also acknowledged his marijuana use had influenced his decision not to attend school.

At the dispositional hearing, the court adjudged appellant a ward and placed him on probation, with appellant to reside with family members. The conditions of probation included a search term requiring appellant to "[s]ubmit person and any vehicle, room or property [and] any electronics and passwords under your control to search by Probation Officer or peace office[r] with or without a search warrant at any time of day or night." Defense counsel objected to appellant's cell phone and electronics being included in the search term, arguing there was no nexus between such items and the burglary. The court disagreed: "Well, it's also important to have as part of his supervision, given somebody who['s] been at that point where he was smoking, I think, three times a day. And I find from practice, that minors who are particularly using drugs or involved in offenses will very often post details about any offenses that they have or even photographs of them with drugs or paraphernalia or themselves smoking marijuana with friends. So I think it's a very important part of supervision, but your objection is noted for the record."

## II. DISCUSSION

Appellant argues the electronics search condition imposed by the court is invalid under *Lent*, *supra*, 15 Cal.3d at p. 486, because it has no relationship to the underlying offense, relates to conduct that is not illegal, and is not reasonably related to deterring

future criminal activity. He additionally claims the condition is unconstitutionally overbroad and poses a risk of illegal eavesdropping under California's Invasion of Privacy Act (Pen. Code, § 630 et seq.). These issues have been recently addressed in three published cases from different divisions of the Court of Appeal for the First District, each of which considered the legality of a virtually identical electronics search condition.

In *In re Erica R.* (2015) 240 Cal.App.4th 907, 910–911 (*Erica R.*), Division Two of this court held the condition was invalid under *Lent*, because it had no relationship to the commitment offense of misdemeanor possession of Ecstasy. Having reached this conclusion, the court found it unnecessary to address the defendant's constitutional challenge or her claim the probation condition would allow illegal eavesdropping.

In *In re Malik J.* (2015) 240 Cal.App.4th 896, 899–900 (*Malik J.*), Division Three found the condition to be unconstitutionally overbroad in a case where the defendant's juvenile probation had been violated based on his possession of marijuana and his commission of three robberies, one of which involved an iPhone. The court in *Malik J.* modified the search condition to eliminate the requirement that the defendant supply passwords to his social media sites, but allowed a search of the phone itself after it had been disabled from any Internet or cellular connection for the purpose of determining whether it had been stolen.

Most recently, in *In re Ricardo P.* (Oct. 22, 2015, A144149) ___ Cal.App.4th ___ [2015 WL 6387774] (*Ricardo P.*), Division One considered a challenge to an electronics search condition in a case where the defendant had been adjudicated a ward based on two counts of residential burglary and, like appellant in this case, had admitted drug use. The *Ricardo P.* court concluded that although an electronics search condition was valid under *Lent* because it was reasonably related to monitoring the defendant's future criminality, the condition was overbroad in allowing the probation officer access to data that was not reasonably likely to reveal whether the defendant was using drugs. (*Ricardo P.,* at pp. *1, *4–*9.) It also rejected the defendant's claim that the condition posed a risk of

electronic eavesdropping based on his lack of standing to raise the issue on behalf of the third parties who were arguably affected. (*Id*. at p. *3.)

Having had the benefit of our colleagues' intellectual legwork and thoughtful analyses, we are persuaded by the rationale of *Ricardo P*., the circumstances of which are the most similar to the case before us. We conclude the challenged electronics search condition, though reasonable under *Lent*, was overbroad as drafted, and order it modified accordingly. We reject appellant's contention that the condition must be stricken in its entirety due to the risk of unlawful eavesdropping on third parties.

A. *Reasonableness of Electronics Search Condition Under* Lent

Welfare and Institutions Code section 730, subdivision (b) authorizes the juvenile court "to impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (See *In re Sheena K.* (2007) 40 Cal.4th 875, 889.) A condition of probation that would be legally impermissible for an adult criminal defendant is not necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court. (*Ibid.*; *In re Walter P.* (2009) 170 Cal.App.4th 95, 100 (*Walter P.*).)

"An appellate court will not disturb the juvenile court's broad discretion over probation conditions absent an abuse of discretion. [Citations.] We grant this broad discretion so that the juvenile court may serve its rehabilitative function and further the legislative policies of the juvenile court system. [Citations.] [¶] In fashioning the conditions of probation, the juvenile court should consider the minor's entire social history in addition to the circumstances of the crime. [Citation.]" (*Walter P.*, *supra*, 170 Cal.App.4th at p. 100.)

Under *Lent*, " '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, *and* (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.]' [Citation.] This test is conjunctive—all

4

three prongs must be satisfied before a reviewing court will invalidate a probation term. [Citations.] As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality. [Citation.]" (*People v. Olguin* (2008) 45 Cal.4th 375, 379–380 (*Olguin*), italics added; see *In re T.C.* (2009) 173 Cal.App.4th 837, 845–846 [applying same test in juvenile context].)

In the case before us, an electronics search condition was reasonably related to future criminality even if it was not directly related to the underlying burglary. Appellant told the probation officer he used marijuana frequently and had committed the burglary to get money to buy marijuana. He also acknowledged he was not going to school on a regular basis, due in part to his marijuana use. Both drug use and truancy have been recognized by the Legislature as "precursor[s] of serious criminality." (*In re P.A.* (2012) 211 Cal.App.4th 23, 36 [citing legislative history of Welf. & Inst. Code, § 729.3, authorizing drug testing for delinquent minors who remain placed in parents' custody]; see *In re Robert M.* (1985) 163 Cal.App.3d 812, 815–816 [school attendance as probation condition upheld because reasonably related to future criminality].) As recognized by the trial court, and as any modern parent would likely attest, access to a teen's electronic communications and social media can be a useful tool in tracking and monitoring drug transactions, drug usage and communications with other individuals associated with drugs. (See *Olguin*, *supra*, 45 Cal.4th 379–381 [probation condition "that enables a probation officer to supervise his charges effectively" is reasonably related to future criminality]; *People v. Ebertowski* (2014) 228 Cal.App.4th 1170, 1176–1177 (*Ebertowski*) [password condition was necessary for probation officer to implement search, association and gang conditions in case where defendant was convicted of threatening and resisting peace officer for the benefit of his gang].)

We respectfully disagree with *Erica R.*, *supra*, 240 Cal.App.4th at p. 913 in its conclusion that because there was nothing in the record to tie the use of electronics to the minor's commitment offense—possession of Ecstasy—there was no reason to believe an

5

electronics search condition would serve a rehabilitative purpose. (*Ibid*.) An electronics search condition such as the one in this case is "not about prohibiting particular conduct but [is] instead about enabling the effective supervision of probationers, [bringing them] within the ambit of *Olguin*, *supra*, 45 Cal.4th 375[]. Nothing in *Olguin*, nor in any other case of which we are aware, requires a connection between a probationer's past conduct and the locations that may be searched to uphold a search condition under *Lent*[]. Because no such connection is required, conditions permitting searches of probationers' vehicles, for example, are permissible regardless of whether the record shows that the probationer has access to a vehicle or has engaged in illegal activity related to a vehicle. Given the ubiquity of electronic devices, particularly cell phones, we cannot say that an electronics search condition is unreasonable simply because the record does not show that the probationer necessarily has access to such devices or has used them to engage in illegal activity." (*Ricardo P.*, *supra*, ___ Cal.App.4th at p. ___ [2015 WL 6387774 at p. *6].) Because of its relationship to future criminality, the electronics search condition is reasonable under *Lent*.

B. *Overbreadth*

Appellant claims the electronics search condition is unconstitutionally overbroad because it "forces him to surrender his privacy rights in regards to matters that are not reasonably related to deterring criminal behavior." We review this constitutional challenge de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

" 'A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad.' [Citation.] Under this doctrine, ' " 'a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms.' " [Citation.]' [Citation.]" (*Ebertowski*, *supra*, 228 Cal.App.4th at p. 1175.)

In arguing that the electronics search condition is overbroad, appellant relies heavily on the United States Supreme Court's decision in *Riley v. California* (2014) ___ U.S. ___ [134 S.Ct. 2473, 2495] (*Riley*). There, the court held that law enforcement officers generally must secure a warrant before searching the digital content of a cell phone incident to an arrest, observing that a cell phone "not only contains in digital form many sensitive records previously found in the home; it also contains a broad array of private information never found in a home in any form—unless the phone is." (*Id*. at p. 2491.) "Modern cell phones are not a just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life.' [Citation.]" (*Id*. at pp. 2494–2495.)

The high court's characterization of cell phones and electronics, while apt, is not particularly helpful in demarking the appropriate parameters of a probation search, particularly when the probationer is a juvenile. The court in *Riley* was concerned with the privacy interests of an adult suspect who had not yet been convicted of any crime and the legality of searching that suspect's cell phone incident to arrest. Appellant is a juvenile who has been found to have committed a crime placing him under the jurisdiction of the juvenile court. As such, his constitutional interest in privacy is significantly more curtailed than that of an adult who has not been convicted of any criminal offense. (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941 (*Antonio R.*) [juvenile's constitutional rights more circumscribed than adult's]; *In re Jaime P.* (2006) 40 Cal.4th 128, 136 [noting privacy rights of a probationer are "diminished"].)

In fashioning probation conditions for a juvenile who has been adjudicated a ward, the court has broader powers than when imposing such conditions on an adult, and we look to whether a condition "is consistent with the rehabilitative purpose of probation and constitutional parental authority." (*In re Frank V.* (1991) 233 Cal.App.3d 1232, 1243 (*Frank V.*).) "This is because juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed. The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents. And a parent may 'curtail a child's exercise of the constitutional rights . . .

7

[because a] parent's own constitutionally protected "liberty" includes the right to "bring up children" [citation] and to "direct the upbringing and education of children." [Citation.]' [Citations.]" (*Antonio R.*, *supra*, 78 Cal.App.4th at p. 941.) A parent could quite reasonably elect to monitor a minor's electronic communications and social media Web sites to keep tabs on suspected drug use; when that minor has been declared a ward of the juvenile court and the evidence suggests a drug problem that could lead to future criminality, the state may do the same. (See *In re Victor L.* (2010) 182 Cal.App.4th 902, 919–923 [upholding probation conditions prohibiting a minor from using or possessing mobile devices and accessing social media Web sites].)

Although the juvenile court's discretion to impose probation conditions is broad, it is not "boundless." (*Frank V.*, *supra*, 233 Cal.App.3d at p. 1242.) The electronics search condition in this case does not limit the types of data (whether on the phone or accessible through the phone) that may be searched. Appellant has a privacy interest in the information contained on his electronic devices. This interest is trumped by the state's interest in effectively monitoring his probation, but only to the extent the information is reasonably likely to yield evidence of drug use, other criminal activity or noncompliance with probation conditions. The electronics search condition as currently written "permits review of all sorts of private information that is highly unlikely to shed any light on whether [appellant] is complying with the other conditions of his probation, drug-related or otherwise." (*Ricardo P.*, *supra*, ___ Cal.App.4th at p. ___ [2015 WL 6387774 at p. *8].)

Although we do not find a constitutional impediment to allowing officers to search data likely to reveal drug use or other criminal activities by a minor, many types of data available on a cell phone or electronic device would not fall into this category. Banking information, online games, musical libraries, medical records and electronic books, magazines and newspapers, for example, are unlikely to assist the probation officer in

supervising appellant.[1]  Conversely, call logs, "text and voicemail messages, photographs, e-mails, and social-media accounts" are reasonably likely to reveal whether he is using drugs or otherwise violating the terms of his probation.  (*Ricardo P.*, *supra*, ___ Cal.App.4th at p. ___ [2015 WL 6387774 at p. *8].)  We will therefore order the probation condition modified accordingly.

We note that in *Malik J.*, *supra*, 240 Cal.App.4th at pp. 899–900, the court agreed with the defendant's overbreadth challenge and modified the electronics search condition to authorize a warrantless search of an electronic device "only after the device has been disabled from any [I]nternet or cellular connection and without utilizing specialized equipment designed to retrieve deleted information that is not readily accessible to users of the device."  (*Id*. at p. 906.)  *Malik J.* is distinguishable because the minor had committed a robbery involving an iPhone and the trial court's concern was not drug use, but that electronic devices in his possession might be stolen and that electronics might be used to communicate with cohorts about committing robberies.  The modified version of the electronics search condition in that case would permit a probation officer to obtain information about the ownership of any device at issue and to read e-mails, text messages and the like that were stored on the device and might contain references to planned criminal activity.

To the extent *Malik J.* would preclude a search of any remotely stored information accessible through an electronic device as not within the probationer's control, we respectfully disagree.  The court in *Malik J.* was concerned that officers performing probation searches "show due regard for information that may be beyond a probationer's custody or control or implicate the privacy rights of the probationer or third parties." (*Malik J.*, *supra*, 240 Cal.App.4th at pp. 903–904.)  As noted in *Richard P.*, probation conditions routinely allow the search of areas jointly controlled by the probationer and a third party, even when the probationer is not present.  (*Ricardo P.*, *supra,*

_____

[1]  We need not decide whether a probation condition allowing access to such data might pass muster in certain cases.  Our focus is limited to the rehabilitation of appellant in particular, in light of his admitted history of smoking marijuana.

9

___ Cal.App.4th at p. ___ [2015 WL 6387774 at p. *9].) Remotely stored or previously deleted data may be just as useful as data contained on a device in determining whether the probationer is complying with other conditions of probation, so long as the data is of the type that is reasonably likely to yield such information. And, as we discuss below, appellant lacks standing to raise the privacy interests of third parties who may be affected by the electronics search condition in his case.

C. *Electronic Eavesdropping*

Penal Code section 632, subdivision (a) provides, "Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio," is subject to a fine, incarceration, or both. Appellant argues the electronics search condition "poses a risk of illegal eavesdropping" because section 632 applies to text messages and other electronic communications with third parties that are subject to warrantless search under the condition.

Appellant's claim is arguably forfeited by his failure to raise it below. But even if we assume it may be raised on appeal, it is based solely on the privacy rights of third parties under Penal Code section 632. As such, appellant lacks standing to raise the issue. " 'Courts are created to resolve cases and controversies and not to render advisory opinions or resolve questions of purely academic interest. Accordingly, courts will not consider issues tendered by a person whose rights and interests are not affected.' " (*Ricardo P.*, ___ Cal.App.4th at p. ___ [2015 WL 6387774 at p. *4], citing *B. C. Cotton, Inc. v. Voss* (1995) 33 Cal.App.4th 929, 947–948.)

### III. DISPOSITION

The search condition of the probation order, which currently reads, "Submit person and any vehicle, room or property [and] any electronics and passwords under your control to search by Probation Officer or peace office[r] with or without a search warrant

10

at any time of the day or night" is modified to read: "Submit your person and any vehicle, room or property under your control to a search by the probation officer or a peace officer, with or without a search warrant, at any time of the day or night. Submit all electronic devices under your control to a search of any text messages, voicemail messages, call logs, photographs, e-mail accounts and social media accounts, with or without a search warrant, at any time of the day or night, and provide the probation or peace officer with any passwords necessary to access the information specified."

As so modified, the judgment is affirmed.

_____

NEEDHAM, J.

We concur.

_____

SIMONS, ACTING P.J.

_____

BRUINIERS, J.

(A143586)

11

Trial Court:  Alameda County Superior Court

Trial Judge:  Honorable Leopoldo E. Dorado

Counsel:

Matthew Zwerling and Maggie Shrout, under appointments by the Court of Appeal First District Appellate Project, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Acting Senior Assistant Attorney General, Donna M. Provenzano and Ronald E. Niver, Deputy Attorneys General for Plaintiff and Respondent.

(A143586)