Filed 1/20/21  In re Justice H. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re Justice H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>Justice H.,<br><br>        Defendant and Appellant. | A160601<br><br>(Contra Costa County Super Ct. No. J2000126) |

Appellant Justice H. appeals from the juvenile court's dispositional orders, issued in a proceeding initiated under Welfare and Institutions Code section 602.  Justice's court-appointed appellate counsel has filed a brief raising no legal issues and requesting that we conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, 744.  Counsel declares that he advised Justice he could personally file a supplemental brief within 30 days of the filing of counsel's brief.  Justice has not done so. Upon our independent review of the record under *Wende*, we conclude there are no arguable appellate issues requiring further briefing and affirm.

1

## BACKGROUND

In February 2020, the Contra Costa County District Attorney filed a section 602 petition alleging that Justice had committed felony possession of cocaine for sale and purchased cocaine for sale in violation of Health and Safety Code section 11351; felony possession of LSD and MDMA for sale, each in violation of Health and Safety Code section 11378; misdemeanor possession of a synthetic stimulant for sale in violation of Health and Safety Code section 11375.5, subdivision (a); and misdemeanor possession of a weapon—a folding knife—on school grounds in violation of Penal Code section 626.10, subdivision (a). After Justice pleaded no contest to the weapons possession allegation and stipulated to a factual basis for his plea, the court sustained that allegation and ultimately dismissed the others. A dispositional hearing was set.

According to the probation department's disposition report, on the morning of January 10, 2020, the school resource officer at San Ramon Valley High School responded to a fire alarm activated by vape smoke coming from a school bathroom. Students seen on video leaving the bathroom told the officer that Justice sold them vape cartridges. The officer searched Justice's belongings and recovered "multiple drugs, drug paraphernalia, a large amount of currency in various denominations and a blade measuring approximately 3.5 inches."

Justice "admitted to utilizing many of the substances" found in his possession, which included cocaine, Xanax, MDMA, methamphetamine and THC cartridges, "for personal consumption" and intending to sell the remainder. He said he bought the drugs by alternating between anonymous dealers, many of whom he found on the " 'dark web' or on social media

platforms." In an interview with the probation department, Justice expressed shame, and gratitude that he had been caught.

The department reported that Justice had "a history of mental illness, suffering from anxiety and depression for years." During his sophomore year in high school, he had twice been hospitalized under Welfare and Institutions Code section 5150 because of acts or threats of self-harm. The department was "extremely concerned" about his "extensive history of substance abuse" because, "[a]lthough [Justice] appears to accept responsibility for his actions in the instant offense, his road to recovery will be challenging. He has suffered through the negative physical side effects of the various substances he had been using on a daily basis, such as vomiting blood and involuntarily using weight. Going forward, he will be pressed with resolving the issues his addiction has caused, including a poor academic and behavioral history."

The department reported that Justice lived with his mother and father in Danville, California. He had not previously been arrested nor had he been referred to the department. As a result of his offenses, he had been expelled from his high school, where he had grade-point averages of 2.0, 1.17 and 1.33 in his three previous semesters, and had transferred to Golden Gate Community School. He was approved to attend another district high school the next year, contingent on his daily and timely attendance, maintaining a 2.0 grade-point average and having no further incidents. Among other things, he was participating in substance abuse, individual and family counseling, and Alcoholics Anonymous. The department considered him a low risk for reoffending.

The department recommended that Justice be placed at his home subject to various conditions of probation, including a curfew at his residence between the hours of 8 p.m. and 6 a.m. unless accompanied by a parent or

guardian, his completion of 40 hours of community service that could be satisfied by his successful completion of school semesters and documented participation in tutoring, and his participation in counseling and substance abuse treatment. The department also recommended that Justice's cell phone and electronic devices be subject to search.

During the dispositional hearing, Justice's counsel objected to the recommended curfew and community service probation conditions. Counsel objected to the curfew on the ground that there was no connection between it and Justice's offense or the prevention of future criminal acts, citing *In re Ricardo P.* (2019) 7 Cal.5th 1113. Counsel indicated Justice's mother had said he was "not the kind of kid who goes out late" and had always followed the parents' curfew. Justice's mother told the court that prior to the case, Justice had had a 10:00 p.m. curfew, and that "obviously with the pandemic and everything else, [Justice] hasn't been going out at all at this point in time." The probation officer present at the hearing said the proposed curfew was a standard probation condition.

Second, Justice's counsel objected to the community service condition on the ground that Justice might not be able to satisfy it during the COVID-19 pandemic, and proposed that the court also allow him to be able to satisfy the condition by his participation in Alcoholic Anonymous meetings. The probation officer noted that the condition could be "essentially" satisfied if Justice performed well academically.

 The prosecutor did not respond to either objection, submitting the matter to the court instead.

The court ruled that it would follow the probation department's recommendations, with modifications to the curfew and community service conditions, and set a review hearing for July 2021. It found Justice's problem

4

with controlled substances to be "the most serious in the sense of the number of substances and the frequency of use that I ever recall having seen." It was impressed that Justice and his parents "did jump on this and start to get treatment" and with what appeared to be "a very sincere belief" on Justice's part that he should "stop using drugs and live a sober lifestyle."

As for Justice's counsel's objections, the court found there was "a good reason" to impose a curfew in order to help Justice "stay out of trouble and . . . comply with the terms of probation." It noted that, while Justice was not going out during pandemic-related stay-in-place orders, those orders could end sometime soon. It shortened the curfew's hours based on Justice's age, ordering that it begin at 10 p.m. and end as recommended at 6 a.m. The court agreed that Justice could satisfy the community service condition with academic activities, and also ordered that he could satisfy it by his participation in Alcoholics Anonymous.

Justice filed a timely notice of appeal.

## DISCUSSION

Under Welfare and Institutions Code section 730, subdivision (b), "[t]he juvenile court has wide discretion to select appropriate conditions and may impose ' "any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' " ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 889; *In re Tyrell J.* (1994) 8 Cal.4th 68, 81 [juvenile court has " 'broad discretion in formulating conditions of probation' "], overruled on other grounds in *In re Jaime P.* (2006) 40 Cal.4th 128, 139.) We review a juvenile court's imposition of any particular probation condition for abuse of discretion. (*In re Walter P.* (2009) 170 Cal.App.4th 95, 100.)

5

Also, the statutory scheme governing juvenile probation expressly gives the juvenile court the discretion to impose several probation conditions, including a curfew. Welfare and Institutions Code section 729.2 states, "If a minor is found to be a person described in Section . . . 602 and the court does not remove the minor from the physical custody of the parent or guardian, the court as a condition of probation, except in any case in which the court makes a finding and states on the record its reasons that that condition would be inappropriate, shall [¶] . . . [¶] (c) Require the minor to be at his or her legal residence between the hours of 10:00 p.m. and 6:00 a.m. unless the minor is accompanied by his or her parent or parents, legal guardian or other adult person having the legal care or custody of the minor." (See, e.g., *In re Tyrell J.*, *supra,* 8 Cal.4th at p. 85 ["Conditions of probation provided by statute may—depending on the circumstances—require a juvenile probationer to . . . respect a curfew ([Welf. & Inst. Code,] § 729.2, subd. (c)"].)

We see no arguable appellate issues regarding the court's orders. Regarding Justice's counsel's objections to two probation conditions at the dispositional hearing, the court acted well within its discretion and statutory authority to impose a 10 p.m. to 6 a.m. curfew as a condition of probation. Whether or not there was evidence that Justice had specifically engaged in problematic or criminal behavior during these curfew hours, he admitted to a history of extensive drug abuse and addiction, and to conducting numerous clandestine drug transactions, including with anonymous drug dealers. It was reasonable for the court to conclude under these circumstances that a curfew would dissuade Justice from engaging in these activities and aid in his rehabilitation process, including regarding his academic performance.

As for his counsel's objection to the community service probation condition on the ground that Justice might have difficulty satisfying the

condition during the pandemic, the juvenile court satisfied that objection by adopting Justice's counsel's recommendation that Justice be allowed to satisfy the condition by participating in Alcoholics Anonymous (which he had already begun), and the condition in any event could be satisfied by Justice's school activities.

Again, upon our independent review of the record under *Wende*, we conclude there are no arguable appellate issues requiring further briefing.

## DISPOSITION

The juvenile court's rulings appealed from are affirmed.

_____

STEWART, J.


We concur.


_____

KLINE, P.J.


_____

RICHMAN, J.


*In re Justice H.* (A160601)

8